IN THE U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SANDRA C. TORRES, Individually and as Mother and Representative of the Estate of Decedent, ELIAHNA TORRES, and as Next Friend of E.S.T., Minor Child; ELI TORRES, JR.; and JUSTICE TORRES, | § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:22-cv-00059-AM-CW |
| DANIEL DEFENSE, LLC, ET AL., | § § § | |
| *Defendants.* | § | |

**DANIEL DEFENSE, LLC'S
UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

Now comes Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc. ("Daniel Defense") and files this Unopposed Motion for Leave to Exceed Page Limits pursuant to Local Rule CV-7(b). Daniel Defense requests leave to file their Rule 12(b)(6) Motion to Dismiss, the substance of which exceeds the Local Rule's page limits by seven pages. *See* Ex. 1. Daniel Defense respectfully shows as follows.

**I.
SUMMARY OF DANIEL DEFENSE'S REQUEST**

Plaintiffs file this lawsuit arising out of the May 24, 2022 Uvalde school shooting. Plaintiffs sue Daniel Defense as the manufacturer and seller of the firearm allegedly used in the shooting (the "Subject Firearm"). Plaintiffs are barred from bringing suit against Daniel Defense under the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*) (the "PLCAA"). The PLCAA provides an exception when a firearm manufacturer or seller "knowingly violates" a

1

165464

state or federal statute "applicable to the sale or marketing" of the firearm – the so-called "predicate exception." Plaintiffs contend the Federal Trade Commission Act (15 U.S.C. § 45 *et seq.*) (the "FTCA") is such a predicate statute, and that Daniel Defense knowingly violated it.

Daniel Defense moves to dismiss all of Plaintiffs' claims as barred by the PLCAA. Plaintiffs' reliance on the FTCA as a predicate exception is an issue of first impression. There are multiple reasons that Plaintiffs' reliance on the FTCA fails, but properly explaining those reasons requires more pages than allowed under the Local Rules. Accordingly, Daniel Defense seeks leave to exceed the twenty-page limit by seven pages.

## II.
## BACKGROUND

Plaintiffs are the mother and siblings of a student who died in the Uvalde shooting. Plaintiffs filed their Original Complaint on November 28, 2022. Doc. 1. Plaintiffs sue Daniel Defense for negligence as the manufacturer and seller of the Subject Firearm. *Id.*, ¶¶ 20, 93, 220-233. In addition to suing Daniel Defense, Plaintiffs also name multiple governmental entities, government officers, and others as additional defendants. *Id.*, ¶¶ 21-47.

## III.
## THE COURT SHOULD GRANT
## DANIEL DEFENSE LEAVE TO FILE ITS RULE 12(b)(6) MOTION

Daniel Defense moves to dismiss Plaintiffs' claims against it as barred by the PLCAA. The PLCAA prohibits claimants from bringing "qualified civil liability actions" which include claims against manufacturers and sellers "for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, ***resulting from the criminal or unlawful misuse***" of firearms. 15 U.S.C. § 7903(5)(A) (emphasis added). The PLCAA does not provide mere immunity from liability; it provides immunity from suit.

> The PLCAA . . . "immunizes a specific type of defendant from a specific type of suit" and "bars the commencement or the prosecution of qualified civil liability actions."

*See In re Academy, Ltd.*, 625 S.W.3d 19, 35 (Tex. 2021) (quoting *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397–398 (2d Cir. 2008)); *see Ileto v. Glock, Inc.*, 565 F.3d 1126, 1142 (9th Cir. 2009) (stating the PLCAA "creates a substantive rule of law granting immunity to certain parties against certain types of claims").

There are six exceptions to the PLCAA's broad grant of immunity. 15 U.S.C. § 7903(5)(A). For example, Plaintiffs rely on the "negligent entrustment" exception with respect to their claims against Defendant Oasis Outback, LLC. *Id.* at § 7903(5)(A)(ii), Doc. 1, ¶¶ 242, 253. There is also the "predicate exception." 15 U.S.C. § 7903(5)(A)(iii). This exception applies to an action in which a manufacturer or seller of a firearm "knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought . . . ." *Id.* Plaintiffs attempt to rely on the predicate exception, asserting that Daniel Defense knowingly violated the FTCA by engaging in unfair practices. *See* Doc. 1, ¶ 227 ("Defendant Daniel Defense also violated the Federal Trade Commission Act, 15 U.S.C. § 45(a), by ***knowingly engaging in unfair practices***.") (emphasis added); *id.*, ¶ 230 ("***These knowing violations of the FTC Act were a proximate cause*** of . . . the wrongful death of Eliahna Torres . . . .") (emphasis added).

Plaintiffs' reliance on the FTCA as a predicate statute fails for multiple reasons as explained in Daniel Defense's Rule 12(b)(6) motion. Among these reasons is a matter of first impression –whether the FTCA even qualifies as a predicate statute. It does not, as made clear by analogous federal precedent and the language and history of the FTCA itself. However, the detailed analysis establishing this legal conclusion, along with the other reasons Plaintiffs are

165464

unable to establish the predicate exception, cannot all be adequately addressed under the default page limits.

Local Rule CV-7(c)(2) limits discovery/case management motions to ten pages and all other motions, including dispositive motions, to twenty pages. The captions, signature block, accompanying certificates, and documents are not counted against the page limit. *Id.* Daniel Defense's Rule 12(b)(6) Motion to Dismiss is 27 pages (the Introduction, Background, Arguments and Conclusion). Given the importance of the issues and significance of the underlying case, Daniel Defense respectfully requests it be granted leave to file its motion to dismiss. Daniel Defense will not oppose a comparable extension of the page limits for Plaintiffs' response.

Whether the FTCA can serve as a predicate exception is an issue that extends beyond this case. In *Corina Camacho et al. v. The Uvalde Consolidated Independent School District et al.*, No. 2:22-c-00048-AM-CV, in the United States District Court for the Western District of Texas, Del Rio Division, the plaintiffs also sued Daniel Defense and asserted violations of the FTCA as a predicate exception. *See id.*, Doc. 2, ¶ 166. While the plaintiffs in that case recently dismissed their lawsuit, they did so without prejudice to refiling. *Id.*, Doc. 21. Thus, it is likely the plaintiffs will raise the issue again if they refile their claims. Similarly, the plaintiffs in *Jasmine C. et al. v. Daniel Defense, LLC et al.*, No. 1:22-cv-01251, in the United States District Court for the Western District of Texas, Austin Division, allege that Daniel Defense "knowingly violated" the FTCA, in a bid to avoid the PLCAA. *See id.*, ¶¶ 162, 186. Accordingly, a thorough vetting of the FTCA's viability as a predicate exception under the PLCAA benefits not only this case but other pending and future cases.

Counsel for Daniel Defense has conferred with Plaintiffs' counsel. Plaintiffs' counsel advised that they do not oppose Daniel Defense's requested extension.

165464

# IV.
# CONCLUSION

WHEREFORE, Defendant Daniel Defense, LLC respectfully requests the Court grant it leave to file its Rule 12(b)(6) Motion to Dismiss and instruct the Clerk to file said motion (attached as Exhibit 1) pursuant to Local Rule CV-7(b).

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail: dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com

Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

***COUNSEL FOR DEFENDANT,***
***DANIEL DEFENSE, LLC F/K/A***
***DANIEL DEFENSE, INC.***

## CERTIFICATE OF CONFERENCE

I certify that I conferred with opposing counsel on February 14, 2023 concerning Daniel Defense, LLC's and Daniel Defense, Inc.'s Motion for Leave to Exceed Page Limits concerning their Rule 12(b)(6) Motion to Dismiss. Counsel for Plaintiffs advised that they do not oppose Defendants' request.

*/s/ David M. Prichard*
David M. Prichard

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 14th day of February 2023, I served the following counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Blas H. Delgado
LAW OFFICES OF BLAS DELGADO, P.C.
2806 Fredericksburg Road, Suite 116
San Antonio, Texas 78201

David Lopez
LM LAW GROUP, PLLC
2806 Fredericksburg Road, Suite 116
San Antonio, Texas 78201

Eric Tirschwell
Molly Thomas-Jensen
Ryan Gerber
Laura Kelley
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, New York 10017

                                        */s/ David M. Prichard*
                                        David M. Prichard

6
165464