IN THE U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SANDRA C. TORRES, Individually | § | |
| and as Mother and Representative of | § | |
| the Estate of Decedent, ELIAHNA | § | |
| TORRES, and as Next Friend of E.S.T., | § | |
| Minor Child; ELI TORRES, JR.; and | § | |
| JUSTICE TORRES, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CASE NO. 2:22-cv-00059-AM-CW |
| | § | |
| DANIEL DEFENSE, LLC, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**DANIEL DEFENSE, LLC'S ANSWER SUBJECT TO
ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

Now comes Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc. ("Daniel Defense") and files this Answer Subject to its Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint.[1]  Each and every allegation not specifically admitted is denied.  Daniel Defense respectfully shows as follows:

---

[1] Prior to filing this Answer, Daniel Defense has filed a Motion for Leave to Exceed Page Limits and attaches its Rule 12(b)(6) Motion to Dismiss.  By filing this Answer, Daniel Defense in no way waives its right to seek dismissal under Rule 12(b)(6).

# DANIEL DEFENSES' ANSWER TO PLAINTIFFS' ALLEGATIONS

## I.
## RESPONSE TO PLAINTIFFS' INTRODUCTION

1.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 1 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

2.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 2 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

3.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 3 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

4.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 4 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

5.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 5 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

6.     Daniel Defense denies the allegations in Paragraph 6 of Plaintiffs' Original Complaint.

7.     Daniel Defense denies the allegations in Paragraph 7 of Plaintiffs' Original Complaint.

8.     Daniel Defense denies the allegations in Paragraph 8 of Plaintiffs' Original Complaint.

9.    The allegations as set forth in Paragraph 9 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 9 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

10.   Daniel Defense admits that Oasis Outback is a federal firearms licensee.  With respect to the remaining allegations in Paragraph 10 of Plaintiffs' Original Complaint, they are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 10 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

11.   Daniel Defense denies the allegation set forth in Paragraph 11 of Plaintiffs' Original Petition that it "set the stage for the tragedy on May 24, 2022 . . . ."  To the extent the allegations in Paragraph 11 of Plaintiffs' Original Petition are directed at other Defendants, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 11 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

12.   Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 12 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

13.   Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 13 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

**II.**
**RESPONSE TO PLAINTIFFS' ALLEGATION OF**
**JURISDICTION AND VENUE**

14.    Paragraph 14 of Plaintiffs' Original Complaint is a legal conclusion for which no response is required.

15.    Paragraph 15 of Plaintiffs' Original Complaint is a legal conclusion for which no response is required.

**III.**
**RESPONSE TO PLAINTIFFS' ALLEGALTION PARTIES**

**A.    Response to Plaintiffs' Allegations of Plaintiffs**

16.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 16 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

17.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 17 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

18.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 18 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

19.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 19 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

**B.    Response to Plaintiffs' Allegations of Defendants**

20.    Daniel Defense, LLC admits it is a Georgia limited liability company with its principal place of business in Georgia, and that Marvin Daniel is its CEO.  Daniel Defense, LLC

was formerly known as Daniel Defense, Inc. and converted to a limited liability company in 2019. Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

21.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 21 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

22.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 22 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

23.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 23 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

24.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 24 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

25.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 25 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

26.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 26 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

27.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 27 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

28.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 28 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

29.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 29 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

30.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 30 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

31.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 31 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

32.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 32 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

33.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 33 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

34.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 34 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

35.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 35 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

36.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 36 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

37.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 37 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

38.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 38 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

39.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 39 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

40.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 40 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

41.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 41 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

42.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 42 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

43.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 43 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

44.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 44 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

45.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 45 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

46.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 46 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

47.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 47 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

48.     Paragraph 48 of Plaintiffs' Original Complaint is not an allegation that requires a response.  Daniel Defense objects to Plaintiffs' label of "Gun Industry Defendants."

**IV.**
**RESPONSE TO PLAINTIFFS' GENERAL ALLEGATIONS**

**A.      Response to Plaintiffs' Allegations of Daniel Defense's Role in the Uvalde Shooting**

49.      Daniel Defense denies the allegations directed at it in Paragraph 49 of Plaintiffs' Original Complaint.

50.      Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

51.      Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

52.      Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.  Daniel Defense further denies the allegation that its marketing strategy has or creates a risk of criminal violence or that Daniel Defense knew of such alleged risk.

**Response to Plaintiffs' Allegations Concerning the DDM4 V7 is a Military-Inspired Rifle**

53.      Daniel Defense admits it manufactures and sells AR-15 style and AR-10 style rifles.

54.      Daniel Defense states the quotes that appear in Paragraph 54 of Plaintiffs' Original Complaint appear on Daniel Defense's website.

55.      Daniel Defense admits the DDM4 V7 rifled is an AR-15 style semi-automatic rifle.

56.     Daniel Defense denies the allegations in Paragraph 56 of Plaintiffs' Original Complaint.

**Response to Plaintiffs' Allegations Concerning Marketing Military Combat Weapons to Civilian Young Men**

57.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

58.     Daniel Defense denies the allegations in Paragraph 58 of Plaintiffs' Original Complaint.

59.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

60.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

61.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

62.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to

commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

63.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

64.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

65.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

66.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

67.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.  Daniel Defense further

denies the allegation that its marketing "suggests that consumers" should use its products to reenact combat on American streets.

### Response to Plaintiffs' Allegations Concerning Marketing Through Video Games

68.     Daniel Defense admits that it legally markets and sells its products. Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts. Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

69.     Daniel Defense admits that it legally markets and sells its products. Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts. Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

70.     Daniel Defense admits that it legally markets and sells its products. Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts. Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

### Response to Plaintiffs' Allegations Concerning Pop Culture and Marketing to Teens

71.     Daniel Defense admits that it legally markets and sells its products. Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts. Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

72.     Daniel Defense admits that it legally markets and sells its products. Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts. Daniel Defense denies that any acts or

omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.  Daniel Defense further denies the allegation that its marketing "targets" mass shooters.

73.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

74.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

75.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

76.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.

**Response to Plaintiffs' Allegations that Daniel Defense's Marketing Causes Harm**

77.     Daniel Defense denies the allegations in Paragraph 77 of Plaintiffs' Original Complaint.

78.     Daniel Defense denies the allegations in Paragraph 78 of Plaintiffs' Original Complaint.

79.     Daniel Defense denies the allegations in Paragraph 79 of Plaintiffs' Original Complaint.

80.     Daniel Defense denies the allegations in Paragraph 80 of Plaintiffs' Original Complaint.

81.     Daniel Defense denies the allegations in Paragraph 81 of Plaintiffs' Original Complaint.

82.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 82 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

83.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 83 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

84.     Daniel Defense denies the allegations in Paragraph 84 of Plaintiffs' Original Complaint.

**B.     Response to Plaintiffs' Allegations Concerning The Shooter: Salvador Ramos**

85.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 85 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

86.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 86 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

87.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 87 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

88.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 88 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

89.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 89 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

90.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 90 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

91.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 91 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

**C.      Response to Plaintiffs' Allegations that Daniel Defense's Marketing Was a Proximate Cause of Harm to Plaintiffs**

92.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.  Daniel Defense further denies the allegation that its marketing "contributed to the shooting at Robb Elementary."  Daniel Defense further denies the allegation that its advertisements are "tailor-made" for criminals like Salvador Ramos.

93.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to commit crimes, or to commit any other illegal acts.  Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries.  Daniel Defense further denies that it is engages in "unfair and illegal marketing."

94.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 94 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

95.     Daniel Defense admits that the DDM4 V7 is a semiautomatic rifle.  As for the remaining allegations Paragraph 95 of Plaintiffs' Original Complaint, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

96.     Daniel Defense admits that fired bullets are capable of causing personal injury or death if they hit a person.

97.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 97 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

98.     Daniel Defense admits that Salvador Ramos was the shooter responsible for shooting.  Daniel Defense denies the allegations in Paragraph 98 of Plaintiffs' Original Complaint that it engages in unfair and irresponsible marketing tactics, influenced the shooter, or in any way caused, in whole or in part, the shooting or Plaintiffs' injuries.

99.     Daniel Defense admits that it legally markets and sells its products.  Daniel Defense denies that it markets its products in any way to suggest that they be used against civilians, to

commit crimes, or to commit any other illegal acts. Daniel Defense denies that any acts or omissions by it were a cause, in whole or in part, of Plaintiffs' injuries. Daniel Defense further denies that the risk of shootings could be reduced or prevented by changing its marketing.

100.   Daniel Defense denies the allegations in Paragraph 100 of Plaintiffs' Original Complaint.

**D.   Response to Plaintiffs' Allegations that Oasis Outback's Negligence in Transferring Firearms and Ammunition to Ramos Was a Proximate Cause of Harm to Plaintiffs**

101.   Daniel Defense admits that Salvador Ramos legally purchased a firearm from Daniel Defense through its website and requested it be sent to Oasis Outback for delivery to him. As for the allegation concerning the purchase of another firearm, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of that allegation and, therefore, denies this allegation.

102.   Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 102 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

103.   Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 103 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

104.   Daniel Defense admits that Salvador Ramos legally purchased a firearm from Daniel Defense through its website and requested it be sent to Oasis Outback for delivery to him. As for the remaining allegations in Paragraph 104 of Plaintiffs' Original Complaint, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

105.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 105 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

106.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 106 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

107.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 107 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

**E.    Response to Plaintiffs' Allegations Concerning the Robb Elementary Shooting and Law Enforcement Response.**

108.    The allegations as set forth in Paragraph 108 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 108 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

109.    The allegations as set forth in Paragraph 109 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 109 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

110.    The allegations as set forth in Paragraph 110 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 110 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

111.    The allegations as set forth in Paragraph 111 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 111 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

112.    The allegations as set forth in Paragraph 112 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 112 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

113.    The allegations as set forth in Paragraph 113 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 113 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

114.    The allegations as set forth in Paragraph 114 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 114 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

115.    The allegations as set forth in Paragraph 115 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 115 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

116.    The allegations as set forth in Paragraph 116 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 116 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

117.    The allegations as set forth in Paragraph 117 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 117 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

118.    The allegations as set forth in Paragraph 118 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 118 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

119.    The allegations as set forth in Paragraph 119 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 119 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

120.    The allegations as set forth in Paragraph 120 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 120 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

121.    The allegations as set forth in Paragraph 121 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 121 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

122.    The allegations as set forth in Paragraph 122 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 122 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

123.    The allegations as set forth in Paragraph 123 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 123 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

124.    The allegations as set forth in Paragraph 124 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 124 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

125.    The allegations as set forth in Paragraph 125 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 125 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

126.    The allegations as set forth in Paragraph 126 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 126 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

127.    The allegations as set forth in Paragraph 127 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 127 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

128.    The allegations as set forth in Paragraph 128 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 128 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

129.    The allegations as set forth in Paragraph 129 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 129 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

130.    The allegations as set forth in Paragraph 130 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 130 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

131.    The allegations as set forth in Paragraph 131 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 131 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

132.    The allegations as set forth in Paragraph 132 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 132 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

133.     The allegations as set forth in Paragraph 133 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 133 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

134.     The allegations as set forth in Paragraph 134 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 134 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

135.     The allegations as set forth in Paragraph 135 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 135 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

136.     The allegations as set forth in Paragraph 136 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 136 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

137.     The allegations as set forth in Paragraph 137 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 137 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

138.    The allegations as set forth in Paragraph 138 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 138 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

139.    The allegations as set forth in Paragraph 139 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 139 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

140.    The allegations as set forth in Paragraph 140 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 140 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

141.    The allegations as set forth in Paragraph 141 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 141 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

142.    The allegations as set forth in Paragraph 142 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 142 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

143.    The allegations as set forth in Paragraph 143 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 143 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

144.    The allegations as set forth in Paragraph 144 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 144 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

145.    The allegations as set forth in Paragraph 145 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 145 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

146.    The allegations as set forth in Paragraph 146 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 146 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

147.     The allegations as set forth in Paragraph 147 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 147 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

148.     The allegations as set forth in Paragraph 148 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 148 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

149.     The allegations as set forth in Paragraph 149 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 149 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

150.     The allegations as set forth in Paragraph 150 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 150 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

151.    The allegations as set forth in Paragraph 151 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 151 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

152.    The allegations as set forth in Paragraph 152 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 152 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

153.    The allegations as set forth in Paragraph 153 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 153 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

154.    The allegations as set forth in Paragraph 154 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 154 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

155.    The allegations as set forth in Paragraph 155 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 155 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

156.    The allegations as set forth in Paragraph 156 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 156 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

157.    The allegations as set forth in Paragraph 157 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 157 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

158.    The allegations as set forth in Paragraph 158 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 158 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

159.    The allegations as set forth in Paragraph 159 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 159 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

160.     The allegations as set forth in Paragraph 160 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 160 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

161.     The allegations as set forth in Paragraph 161 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 161 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

162.     The allegations as set forth in Paragraph 162 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 162 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

163.     The allegations as set forth in Paragraph 163 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 163 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

164.     The allegations as set forth in Paragraph 164 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information

sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 164 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

165.    The allegations as set forth in Paragraph 165 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 165 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

166.    The allegations as set forth in Paragraph 166 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 166 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

167.    The allegations as set forth in Paragraph 167 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 167 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

168.    The allegations as set forth in Paragraph 168 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 168 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

169.    The allegations as set forth in Paragraph 169 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 169 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

170.    The allegations as set forth in Paragraph 170 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 170 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

171.    The allegations as set forth in Paragraph 171 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 171 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

172.    The allegations as set forth in Paragraph 172 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 172 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

**F.      Response to Plaintiffs' Allegations that the Law Enforcement Municipal Defendants' Actions Were a Proximate Cause of Harm to the Plaintiffs.**

173.    The allegations as set forth in Paragraph 173 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the

extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 173 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

174.    The allegations as set forth in Paragraph 174 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 174 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

175.    The allegations as set forth in Paragraph 175 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 175 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

176.    The allegations as set forth in Paragraph 176 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 176 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

177.    The allegations as set forth in Paragraph 177 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 177 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

178.    The allegations as set forth in Paragraph 178 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 178 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

179.    The allegations as set forth in Paragraph 179 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 179 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

180.    The allegations as set forth in Paragraph 180 of Plaintiffs' Original Petition are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 180 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

**G.      Response to Plaintiffs' Allegations Concerning the Impact of the Shooting on the Plaintiffs.**

181.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 181 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

182.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 182 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

*Response to Plaintiffs' Allegations Concerning Sandra Torres*

183.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 183 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

184.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 184 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

185.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 185 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

186.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 186 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

187.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 187 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

188.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 188 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

189.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 189 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

190.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 190 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

191.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 191 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

### *Response to Plaintiffs' Allegations Concerning E.S.T.*

192.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 192 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

### *Response to Plaintiffs' Allegations Concerning Justice Torres*

193.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 193 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

194.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 194 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

195.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 195 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

196.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 196 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

197.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 197 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

198.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 198 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

199.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 199 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

200.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 200 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

201.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 201 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

202.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 202 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

203.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 203 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

204.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 204 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

205.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 205 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

206.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 206 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

207.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 207 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

208.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 208 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

209.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 209 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

### *Response to Plaintiffs' Allegations Concerning Eli Torres, Jr.*

210.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 210 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

211.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 211 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

212.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 212 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

213.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 213 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

214.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 214 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

215.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 215 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

216.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 216 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

217.     Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 217 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

218.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 218 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

219.    Daniel Defense is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 219 of Plaintiffs' Original Complaint and, therefore, denies these allegations in their entirety.

## V.
## RESPONSE TO PLAINTIFFS' CAUSES OF ACTION

### RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION
*Negligence*

220.    Daniel Defense adopts and re-alleges each response as set forth above.

221.    With respect to the allegations in Paragraph 221 of Plaintiffs' Original Complaint, the legal duties to which Daniel Defense are subject to is a question of law and, thus, no response is required.

222.    With respect to the allegations in Paragraph 222 of Plaintiffs' Original Complaint, the legal duties to which Daniel Defense are subject to is a question of law and, thus, no response is required.

223.    Daniel Defense denies the allegations in Paragraph 223 of Plaintiffs' Original Complaint.

224.    Daniel Defense admits that Salvador Ramos legally purchased the firearm at issue, and that Daniel Defense properly transferred the firearm, under federal and state law, to a Texas federal firearms licensee.

225.    Daniel Defense denies the allegations in Paragraph 225 of Plaintiffs' Original Complaint.

226.    Daniel Defense denies the allegations in Paragraph 226 of Plaintiffs' Original Complaint.

227.    Daniel Defense denies the allegations in Paragraph 227 of Plaintiffs' Original Complaint.

228.    Daniel Defense denies the allegations in Paragraph 228 of Plaintiffs' Original Complaint.

229.    Daniel Defense denies the allegations in Paragraph 229 of Plaintiffs' Original Complaint.

230.    Daniel Defense denies the allegations in Paragraph 230 of Plaintiffs' Original Complaint.

231.    Daniel Defense denies the allegations in Paragraph 231 of Plaintiffs' Original Complaint.

232.    Daniel Defense denies the allegations in Paragraph 232 of Plaintiffs' Original Complaint.

233.    Daniel Defense denies the allegations in Paragraph 233 of Plaintiffs' Original Complaint.

## RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION
### *Negligent Transfer*

234.    Daniel Defense adopts and re-alleges each response as set forth above.

235.    The allegations as set forth in Paragraph 235 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the

allegations set forth in Paragraph 235 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

236.    The allegations as set forth in Paragraph 236 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 236 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

237.    The allegations as set forth in Paragraph 237 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 237 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

238.    The allegations as set forth in Paragraph 238 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 238 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

239.    The allegations as set forth in Paragraph 239 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 239 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

240.     The allegations as set forth in Paragraph 240 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 240 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

241.     The allegations as set forth in Paragraph 241 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 241 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

242.     Daniel Defense admits that Oasis Outback is a federal firearms licensee.  With respect to the remaining allegations in Paragraph 242 of Plaintiffs' Original Complaint, they are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 242 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

243.     The allegations as set forth in Paragraph 243 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 243 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

244.     The allegations as set forth in Paragraph 244 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the

extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 244 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

245.    The allegations as set forth in Paragraph 245 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 245 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

## RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION
*Negligent Sale*

246.    Daniel Defense adopts and re-alleges each response as set forth above.

247.    The allegations as set forth in Paragraph 247 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 247 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

248.    The allegations as set forth in Paragraph 248 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 248 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

249.    The allegations as set forth in Paragraph 249 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the

allegations set forth in Paragraph 249 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

250.    The allegations as set forth in Paragraph 250 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 250 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

251.    The allegations as set forth in Paragraph 251 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 251 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

252.    The allegations as set forth in Paragraph 252 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 252 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

253.    Daniel Defense admits that Oasis Outback is a federal firearms licensee.  With respect to the remaining allegations in Paragraph 253 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 253 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

254.     The allegations as set forth in Paragraph 254 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 254 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

255.     The allegations as set forth in Paragraph 255 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 255 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

256.     The allegations as set forth in Paragraph 256 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 256 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

### <u>RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION</u>
*42 U.S.C. § 1983 – Fourth and Fourteenth Amendments*
*Unlawful Seizure*

257.     Daniel Defense adopts and re-alleges each response as set forth above.

258.     The allegations as set forth in Paragraph 258 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 258 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

259.    The allegations as set forth in Paragraph 259 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 259 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

260.    The allegations as set forth in Paragraph 260 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 260 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

261.    The allegations as set forth in Paragraph 261 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 261 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

262.    The allegations as set forth in Paragraph 262 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 262 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

### RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION
*42 U.S.C. § 1983 – Fifth and Fourteenth Amendments*
*Substantive Due Process – State Created Danger & Custodial Relationship*
*(By All Plaintiffs Against Law Enforcement Individual Defendants in their individual capacities,*
*And all Law Enforcement Individual Defendants except the TDPS officers in their*
*official capacities)*

263.    Daniel Defense adopts and re-alleges each response as set forth above.

264.    The allegations as set forth in Paragraph 264 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 264 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

265.    The allegations as set forth in Paragraph 265 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 265 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

266.    The allegations as set forth in Paragraph 266 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 266 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

267.    The allegations as set forth in Paragraph 267 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 267 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

268.    The allegations as set forth in Paragraph 268 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the

extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 268 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

269.    The allegations as set forth in Paragraph 269 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 269 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

270.    The allegations as set forth in Paragraph 270 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 270 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

### RESPONSE TO PLAINTIFFS' SIXTH CAUSE OF ACTION
*42 U.S.C. § 1983 – Fourth and Fourteenth Amendments*
*Unlawful Seizure*
*(By All Plaintiffs Against Law Enforcement Municipal Defendants)*

271.    Daniel Defense adopts and re-alleges each response as set forth above.

272.    The allegations as set forth in Paragraph 272 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 272 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

273.    The allegations as set forth in Paragraph 273 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the

extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 273 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

274.     The allegations as set forth in Paragraph 274 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 274 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

275.     The allegations as set forth in Paragraph 275 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 275 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

276.     The allegations as set forth in Paragraph 276 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 276 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

277.     The allegations as set forth in Paragraph 277 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 277 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

278.    The allegations as set forth in Paragraph 278 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 278 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

### RESPONSE TO PLAINTIFFS' SEVENTH CAUSE OF ACTION
*42 U.S.C. § 1983 – Fifth and Fourteenth Amendments*
*Substantive Due Process – State Created Danger & Custodial Relationship*
*(By All Plaintiffs Against Law Enforcement Municipal Defendants)*

279    Daniel Defense adopts and re-alleges each response as set forth above.

280.    The allegations as set forth in Paragraph 280 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 280 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

281.    The allegations as set forth in Paragraph 281 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 281 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

282.    The allegations as set forth in Paragraph 282 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 282 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

283.    The allegations as set forth in Paragraph 283 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 283 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

284.    The allegations as set forth in Paragraph 284 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 284 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

285.    The allegations as set forth in Paragraph 285 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 285 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

286.    The allegations as set forth in Paragraph 286 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 286 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

287.    The allegations as set forth in Paragraph 287 of Plaintiffs' Original Complaint are directed at a defendant other than Daniel Defense and, therefore, no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the

allegations set forth in Paragraph 287 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS OF WRONGFUL DEATH AND SURVIVAL CLAIMS

288.     Paragraph 288 of Plaintiffs' Original Complaint is a legal conclusion for which no response is required.  To the extent a response is construed to be required, Daniel Defense asserts that it is unable to admit the allegations set forth in Paragraph 288 of Plaintiffs' Original Complaint as stated and, therefore, denies these allegations in their entirety.

## VII.
## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Daniel Defense denies that Plaintiffs suffered any damages as a result of acts or omissions by Daniel Defense and denies Plaintiffs are entitled to any relief from it.

## DANIEL DEFENSES' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As a separate and alternative affirmative defense, Daniel Defense states that Plaintiffs' Original Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Daniel Defense.  *See* Daniel Defense's Rule 12(b)(6) Motion to Dismiss.

### SECOND DEFENSE

As a separate and alternative affirmative defense, Daniel Defense states that all of Plaintiffs' claims against it are barred by the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*).  *See* Daniel Defense's Rule 12(b)(6) Motion to Dismiss.

### THIRD DEFENSE

As a separate and alternative affirmative defense, Daniel Defense states the damages to Plaintiffs, which are specifically denied, were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery herein.

### FOURTH DEFENSE

As a separate and alternative affirmative defense, if Plaintiffs were injured and damaged as alleged, which is specifically denied, then any recovery they may have against Daniel Defense for such injuries must be proportionately reduced in accordance with the fault of third persons or parties, including but not limited to Salvador Ramos, consistent with the principles of comparative fault in force in this jurisdiction.

### FIFTH DEFENSE

As a separate and alternative affirmative defense, Daniel Defense pleads its entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et. seq.*  In accordance with this section, Daniel Defense may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of defendant, when compared with that of each responsible third party and each settling party is greater than fifty percent (50%).  TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq.*

### SIXTH DEFENSE

As a separate and alternative affirmative defense, in the event Plaintiffs settle with any party who may be responsible, in whole or in part and or any of the alleged injuries and/or damages, Daniel Defense pleads its entitlement to have such person designated as a settling person under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.003.

## SEVENTH DEFENSE

As a separate and alternative affirmative defense, in the event Plaintiffs file a non-suit or dismiss any party, who may be responsible in whole or in part for any of the alleged injuries and/or damages, Daniel Defense pleads its entitlement to join and to file crossclaims for contribution against such dismissed party and/or to designate such party as a responsible third party under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004.

## EIGHTH DEFENSE

As a separate and alternative affirmative defense, Daniel Defense is entitled to all available credits and/or offsets provided by the TEXAS CIVIL PRACTICE & REMEDIES CODE and under Texas law and/or any other applicable law and/or statute.

## NINTH DEFENSE

As a separate and alternative affirmative defense, Daniel Defense states that Plaintiffs herein suffered no damages as a result of Daniel Defense's acts, if any.

## TENTH DEFENSE

As a separate and alternative affirmative defense, Daniel Defense maintains that Plaintiffs' claim for damages is subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091.

## ELEVENTH DEFENSE

As a separate and alternative affirmative defense, Daniel Defense states the imposition of punitive or exemplary damages against it in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

    a.    Due process requires proof of gross negligence and exemplary damages by a standard greater than "the preponderance of the evidence" standard.  Due

process requires proof of such claims at least by a clear and convincing standard of proof.

b.     The assessment of exemplary damages, a remedy that is essentially criminal in nature, constitutes infliction of a criminal penalty without the safeguards greater than that afforded by the Texas Civil Procedure and Law and guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution.

c.     Assessment of the amount of exemplary damages must be in accordance with constitutional limitations.  These constitutional limitations, as recognized by the United States Supreme Court, are not adequately imposed by Texas statutes.  Any award of exemplary or punitive damages that is disproportionate to the award of compensatory damages (if any) is unconstitutional under the Fifth, Eighth and Fourteenth Amendments.

d.     Exemplary damages under Texas procedure and law constitute an excessive fine and violate the Eighth Amendment of the Constitution of the United States.

e.     Any award of exemplary damages under Texas law done without bifurcating the trial, and trying all exemplary damages issues only if and after liability on the merits has been found, would violate a defendant's due process right guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution, and would be improper under common law and the public policies of the State of Texas.

f.     An award of exemplary damages under Texas law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of an exemplary damage award; (2) is not adequately instructed on the limits of exemplary damages imposed by Texas law and well-defined principles of deterrence and punishment; and (3) is not expressly prohibited from awarding exemplary damages, in whole or in part, on the basis of discriminatory characteristics, including the wealth and corporate status of a defendant; would violate a defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.

g.     Any award of punitive damages that takes into account conduct, products or product sales outside the State of Texas is a violation of a defendant's rights under the Due Process Clause and Equal Protection Clause of the United States Constitution.

h.  Due process does not permit a court to calculate punitive damages based on other persons' claims or hypothetical claims against a defendant under the guise of culpability or reprehensibility analysis.  An award of punitive or exemplary damages may not be based on any consideration of any wrong other than the alleged wrong done to Plaintiffs.

i.  Any analysis of a defendant's conduct for the purpose of determining punitive or exemplary damages must also take into account (1) the extent to which the product met or exceeded government standards; (2) the extent to which a product complied with industry standards; (3) the extent to which a defendant has notice that a particular product would be found defective; (4) whether a defendant has legitimate grounds on which to conclude that their conduct was lawful and that the product was not defective as alleged by Plaintiffs; and (5) the nature and amount, if any, of monetary criminal penalties that would be applicable to the alleged conduct under enactments by the Legislature of Texas or the United States Congress and its authorized agencies.

j.  Any assessment of punitive or exemplary damages based on evidence of the wealth or size of a defendant is a violation of Due Process and Equal Protection.

## TWELFTH DEFENSE

As a separate and alternative affirmative defense, Daniel Defense maintains Plaintiffs' claim for exemplary damages is subject to the restrictions found in Texas Civil Practice & Remedies Code § 41.001, *et seq*.

## RESERVATION OF DEFENSES

As a separate and alternative affirmative defense, Daniel Defense states that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, affirmative defenses available, and Daniel Defense reserves the right to assert such additional defenses in the event discovery, investigation, or analysis indicate they are proper.

## DANIEL DEFENSE'S PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Daniel Defense, LLC respectfully prays Plaintiffs have and recover nothing of and from Daniel Defense, LLC and that all of

Plaintiffs' claims against Daniel Defense, LLC be dismissed pursuant to the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*).  Daniel Defense, LLC further respectfully prays for such further relief to which it may show itself justly entitled either in law or equity.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
E-mail:  dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
(210) 477-7417 [Direct]
E-mail: dmontpas@prichardyoungllp.com

PRICHARD YOUNG, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

**COUNSEL FOR DEFENDANT,**
**DANIEL DEFENSE, LLC F/K/A**
**DANIEL DEFENSE, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of February 2023, I served all known counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Blas H. Delgado
LAW OFFICES OF BLAS DELGADO, P.C.
2806 Fredericksburg Road, Suite 116
San Antonio, Texas 78201

David Lopez
LM LAW GROUP, PLLC
2806 Fredericksburg Road, Suite 116
San Antonio, Texas 78201

Eric Tirschwell
Molly Thomas-Jensen
Ryan Gerber
Laura Kelley
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, New York 10017

*/s/ David M. Prichard*
David M. Prichard