UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| SANDRA C. TORRES, INDIVIDUALLY AND AS MOTHER AND REPRESENTATIVE OF THE ESTATE OF DECEDENT, E.T., AND AS NEXT FRIEND OF E.S.T., MINOR CHILD; ELI TORRES, JR.; and JUSTICE TORRES,<br><br>    *Plaintiffs,*<br><br>v.<br><br>DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC; OASIS OUTBACK, LLC; CITY OF UVALDE; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; UVALDE COUNTY; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT ("UCISD-PD") CHIEF PEDRO 'PETE' ARREDONDO; UVALDE POLICE DEPARTMENT ("UPD") LIEUTENANT AND ACTING CHIEF MARIANO PARGAS; FORMER UPD OFFICER AND UCISD SCHOOL BOARD MEMBER JESUS "J.J." SUAREZ; UPD SERGEANT DANIEL CORONADO; UPD OFFICER JUSTIN MENDOZA; UPD OFFICER MAX DORFLINGER; UVALDE COUNTY SHERIFF RUBEN NOLASCO; UVALDE COUNTY CONSTABLE EMMANUEL ZAMORA; UVALDE COUNTY CONSTABLE JOHNNY FIELD; TEXAS DEPARTMENT OF PUBLIC SAFETY ("TDPS") CAPTAIN JOEL BETANCOURT; TDPS SERGEANT JUAN MALDONADO; TDPS RANGER CHRISTOPHER KINDELL; and DOES 1-119,<br><br>    *Defendants.* | CIVIL ACTION NO. 2:22-CV-00059-AM-VRG<br><br>MOTION TO DISMISS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(2) |

1

**Plaintiffs' Motion to Voluntarily Dismiss Under Federal Rule of Civil Procedure 41(a)(2) Without Prejudice**

Sandra C. Torres, individually and as mother and representative of the Estate of Decedent, E.T., and as Next Friend of E.S.T., Minor Child; Eli Torres, Jr.; and Justice Torres (collectively "Plaintiffs") move this Court to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) without prejudice, so that they may refile in the Western District of Texas, Austin Division for reasons of efficiency and judicial economy.[1]

This case arises out of the mass shooting at Robb Elementary School in Uvalde, Texas, that took place on May 24, 2022. Plaintiffs are the family members of E.T., one of the 19 children who was killed that day by a shooter armed with a Daniel Defense DDM4 V7 AR-15 style semi-automatic rifle. They filed suit against several different categories of defendants, including Daniel Defense, LLC and Daniel Defense, Inc. (together "Daniel Defense"), on November 28, 2023. Compl. at 1, ECF No. 1. Plaintiffs filed their amended complaint on February 22, 2023. Am. Compl., ECF No. 26 (hereafter "Amended Complaint").

Plaintiffs seek to voluntarily dismiss this action in order to refile the case in the Austin Division of the Western District of Texas, where several other cases arising out of the same shooting are currently pending and more will soon be pending. Because Daniel Defense has answered the complaint, Plaintiffs asked counsel to Defendant Daniel Defense, the only party that has appeared, to stipulate to dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii), but counsel to Defendant Daniel Defense did not agree to the stipulation. Plaintiffs thus file this motion under Fed. R. Civ. P. 41(a)(2).

---

[1] Specifically, if this motion is granted, Plaintiffs would join in filing an amended complaint that combines their case with the pending case *Christina Zamora et al. v. Daniel Defense et al.* (Case No. 1:23-cv-196), filed February 22, 2023, in the Austin Division.

The Court should grant Plaintiffs' motion filed at the outset of the litigation because it promotes efficiency and judicial economy. "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Lecompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The Fifth Circuit "follow[s] the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 (5th Cir. 2016) (internal citation omitted). The Fifth Circuit has made clear that simply filing a lawsuit in another forum is not "legal prejudice." *Id*. at 299 ("[A]ny advantage Bechuck might receive from refiling in another forum cannot constitute legal prejudice to Home Depot."). No party, including Daniel Defense, will suffer "legal prejudice" from the dismissal. *Id*. Plaintiffs seek to refile the Amended Complaint in the Austin Division and join the related cases which have many of the same factual and legal questions pending. There has been no activity in this case other than Daniel Defense filing an answer and motion to dismiss eight days ago, before it was served with the original complaint, and that motion is now moot with the filing of the amended complaint. Dismissal will serve the interests of judicial economy by permitting one division to determine legal questions in the related cases together and coordinate discovery, thereby saving all of the parties and the court system the time and expense of litigating these issues in two separate divisions.

**I.      Background**

On May 24, 2022, Plaintiffs' world was destroyed. Am. Compl. ¶ 4. A gunman armed with a Daniel Defense DDM4 V7 rifle entered a set of connected classrooms at Robb Elementary School where he murdered 19 children and two teachers and wounded at least 17 other children. Am. Compl. ¶ 2. E.T. was pronounced dead that day at 3:10 p.m. Am. Compl. ¶ 13.

3

On November 28, 2022, E.T.'s mother and other members of her family, the Plaintiffs here, filed the original complaint against two categories of defendants. *See* Compl. First, the lawsuit brought claims that sound in negligence against Daniel Defense and Oasis Outback LLC, which marketed, sold, and transferred the gun to the shooter. Compl. Counts 1-3. And second, the lawsuit alleged constitutional violations under 42 U.S.C. § 1983 against law enforcement officers who waited a total of 77 minutes before entering the classrooms and killing the shooter. Compl., Counts 4-7. The day after Plaintiffs' case was filed, on November 29, 2022, two other cases were filed in the Austin Division of the Western District of Texas that stem from the same shooting and name many of the same defendants. *See C., et al. v. Daniel Defense, et al.*, No. 1:22-cv-01251-LY (filed Nov. 29, 2022) and *P. et al v. Uvalde et al*, No. 1:22-cv-01252-LY (filed Nov. 29, 2022). Plaintiffs filed a notice with this Court on December 5, 2022, advising of these two related cases. ECF No. 17.[2]

After Plaintiffs filed their initial complaint, information relevant to the case continued to be reported by the media, and Plaintiffs' counsel (along with additional counsel) were retained by other families who were victims of the same shooting. *See* Decl. of Molly Thomas-Jensen ("Thomas-Jensen Decl.") at ¶¶ 3-4. In order to conserve judicial and litigant resources, Plaintiffs decided not to immediately serve the original complaint because they recognized that voluntary dismissal and filing a new expanded complaint with additional plaintiffs and additional co-counsel were likely in light of these developments. Thomas-Jensen Decl. at ¶ 5. Over the past months,

---

[2] Another case, *Camacho, et al. v. The Uvalde Consolidated Independent School District, et al.*, 2:22-cv-00048-AM-CW (filed Sept. 28, 2022), stemming from the Robb Elementary school shooting and raising many of the same factual and legal issues, had been filed in this Court on September 28, 2022, and subsequently was voluntarily dismissed on February 2, 2023. Plaintiffs have conferred with counsel in that case who have indicated that they will refile their case in the Austin Division shortly. Thomas-Jensen Decl. at ¶ 6.

Plaintiffs' counsel and counsel for other survivors of the shooting have diligently worked on gathering additional information and drafting an amended complaint, which was completed this past weekend. Thomas-Jensen Decl. at ¶ 7.

On February 14, 2023, before Plaintiffs could file a notice of voluntary dismissal in this Court and join with additional counsel to refile an expanded complaint adding plaintiffs and new counsel (which Plaintiffs planned to file in Austin), Plaintiffs' counsel received a call from counsel for Daniel Defense seeking consent to file a motion for a page limit extension on a motion to dismiss. Thomas-Jensen Decl. at ¶ 8. Plaintiffs' counsel advised counsel for Daniel Defense that they consented to the extra pages, and also told counsel for Daniel Defense that they intended to dismiss the case and refile it. Thomas-Jensen Decl. at ¶ 8. That same day, shortly after this phone call, Daniel Defense filed its motion for excess pages (attaching its motion to dismiss), along with an answer. *See* ECF Nos. 22-23; Thomas-Jensen Decl. at ¶ 9. The Court granted Daniel Defense's motion for excess pages on February 16, 2023. Order, ECF 24.

The filing of Daniel Defense's answer prevented Plaintiffs from filing a notice of voluntary dismissal of this case under Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiffs accordingly contacted counsel for Daniel Defense, seeking their agreement on a stipulation of dismissal of the complaint before this Court, to allow Plaintiffs before this Court to file a new complaint, with additional plaintiffs and co-counsel, in the Austin Division. Thomas-Jensen Decl. ¶10. Counsel for Daniel Defense declined to stipulate to dismissal of the complaint in this case under Fed. R. Civ. P. 41(a)(1)(A)(ii), and instead indicated that they would consent to Plaintiffs (1) amending the instant case to add

additional plaintiffs; or (2) dismissing all defendants in this matter without prejudice, except for Daniel Defense.[3] *Id.*

Following Daniel Defense's refusal, counsel for Plaintiffs, joined by additional co-counsel, filed an original complaint, on behalf of the families of two children who were wounded but survived the massacre in classrooms 111 and 112, in the Austin Division. *Christina Zamora et al. v. Daniel Defense et al.* (Case No. 1:23-cv-196) (filed February 22, 2023). Plaintiffs also filed an amended complaint in this Court, which amends and expands certain factual allegations, adds a new cause of action, and drops certain individual law enforcement defendants. Am. Compl., ECF No. 26. The amended complaint now pending before this Court brings the same legal claims against the same defendants as the new complaint filed today in the Austin Division and renders Daniel Defense's pending motion to dismiss moot.[4]

## II. The Court should grant Plaintiffs' motion to voluntarily dismiss without prejudice because no Defendant will suffer legal prejudice and the motion is made in good faith.

The Court should grant the Plaintiffs' motion to voluntarily dismiss without prejudice because it will serve the interests of judicial economy since Plaintiffs plan to refile this case in the Austin Division, where several other related cases are now pending or will soon be pending. Federal Rule of Civil Procedure 41(a)(2) provides in full:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the

---

[3] Neither of these options required Daniel Defense's consent. *See* Fed. R. Civ. P. 15(a)(1); 41(a)(1)(A)(i).

[4] Plaintiffs' deadline for service of the original complaint on the other defendants is February 27, 2023. Because of this approaching deadline and to stop the clock on a motion that may not need to be decided by this Court and that addresses an outdated complaint, Plaintiffs filed their Amended Complaint.

> counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

*Id.* Rule 41(a)(1), referenced in this Rule, permits a plaintiff to dismiss an action on her own, without a motion or court order if "(i) a notice of dismissal [is filed] before the opposing party serves either an answer or a motion for summary judgment, or (ii) a stipulation of dismissal [is] signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Because Daniel Defense has answered and has declined to sign a stipulation of dismissal, the Plaintiff files this motion under Rule 41(a)(2). Daniel Defense has not filed a counterclaim. *See* Answer, ECF No. 23.

The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted . . . ." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). This Circuit "follow[s] the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 (5th Cir. 2016) (internal citation omitted). If the Defendants will not suffer "plain legal prejudice," the Court should "grant the motion" "absent some evidence of abuse by the movant." *Elbaor,* 279 F.3d at 317. Legal prejudice may include a defendant losing a defense, such as the ability to assert a statute of limitations, *see, e.g.*, *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989), but does not include the fact that plaintiffs may obtain some tactical advantage. *Bechuck*, 814 F.3d at 299.

Here, the Court should grant the motion because (1) no defendant will not suffer any cognizable legal prejudice as a result of the dismissal (and, indeed, it may serve to decrease costs), and (2) it is filed for legitimate purposes and in good faith.

First, the defendants, including Daniel Defense, will suffer no legal prejudice. As an initial matter, "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to

dismiss." *Elbaor*, 279 F.3d at 317 n.3 (citations omitted). Here, there will be no expense in relitigating any issues, as no issues have been litigated in this Court yet, and Daniel Defense filed their answer and motion to dismiss just days ago. *See Contreras v. Foster Electric (U.S.A.), Inc.*, No. EP-21-CV-120-DB, 2022 WL 464640, at *3 (W.D. Tex. Feb. 15, 2022) (granting Rule 41 motion where plaintiff "did not seek dismissal at a late stage of pretrial proceedings, or seek[] to avoid an imminent adverse ruling" (internal quotation marks and citations omitted)). Moreover, because there are multiple cases pending (and more soon to be pending) against Daniel Defense in the Austin Division arising out of the same facts and raising the same or similar legal claims, dismissal of this case and refiling before the Austin Division is unlikely to increase expenses for Daniel Defense. These cases should be considered together, to the extent possible. Indeed, permitting dismissal here may decrease overall litigation expenses since—if all the cases arising out of the Uvalde shooting are in the Austin Division—it is much more likely that the court will be able to consider dispositive motions together and discovery can be easily coordinated or consolidated.

Additionally, this case is still in its initial stages of litigation. Because Plaintiffs have now amended their complaint—as is their right in response to an initial motion to dismiss under Rule 15(a)(1)(B) and Local Rule CV-15—Daniel Defense's motion is moot, and it is on the same footing as other defendants responding to the new allegations in the amended complaint. What is more, Daniel Defense was not served in this case, Thomas-Jensen Decl. at ¶ 5, and was under no legal obligation to respond—its decision to do so was a choice of its own, not forced by the Plaintiffs. For all these reasons, moreover, the other defendants in this case will also suffer no prejudice from dismissal.

Second, Plaintiffs file this motion for voluntary dismissal for a permissible purpose: to refile in another division and join this case with the other cases stemming from the same shooting. *See, e.g.*, *Alvarado v. Envolve Client Servs. Grp.*, LLC, No. EP-22-CV-00292-FM, 2023 WL 1423995, at *4-*6 (W.D. Tex. Jan. 31, 2023) (permitting dismissal under Rule 41(a)(2) so that a plaintiff could refile in another state). Plaintiffs have made this motion in good faith and provided Daniel Defense with the opportunity to avoid litigating this motion by simply stipulating to dismissal under Rule 41(a)(1). *See generally Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) ("Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971) (citations omitted)).

The Court, therefore, should grant Plaintiffs motion to voluntarily dismiss under Rule 41(a)(2) without prejudice and without conditions.

### III.     Conclusion

For the reasons explained above, Plaintiffs ask this Court to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) without prejudice or condition.

DATED: February 23, 2023                                    Respectfully Submitted,

*/s/ Molly Thomas-Jensen*

| | |
|---|---|
| **EVERYTOWN LAW**<br>Eric Tirschwell (*pro hac vice*)<br>Molly Thomas-Jensen (*pro hac vice*)<br>Ryan Gerber (*pro hac vice*)<br>Laura Keeley (*pro hac vice*)<br>450 Lexington Avenue, P.O. Box #4184 | **LAW OFFICES OF BLAS DELGADO, P.C.**<br>Blas H. Delgado<br>2806 Fredericksburg Rd., Ste. 116<br>San Antonio, TX 78201<br>210-227-4186<br>delgadoblas@yahoo.com |

New York, NY 10017
646-324-8226
etirschwell@everytown.org
mthomasjensen@everytown.org
rgerber@everytown.org
lkeeley@everytown.org

**LM LAW GROUP, PLLC**
David Lopez (*pro hac vice*)
2806 Fredericksburg Rd., Ste. 118
San Antonio, TX 78201
210-396-2045
Ruiz.LMLawGroup@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February, 2023, I served the following counsel through electronic service (ECF) as authorized by Fed. R. Civ. Pro. 5:

David M. Prichard
David R. Montpas
Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]
Counsel for Defendant, Daniel Defense, LLC (fka Daniel Defense, Inc.)

I hereby certify that on the following defendants in this action will be served in accordance with Fed. R. Civ. Pro. 5(b) either personally, by mail, or electronic mail:

Oasis Outback, LLC;
City Of Uvalde;
Uvalde Consolidated Independent School District;
Uvalde County;
Uvalde Consolidated Independent School District Police Department ("UCISD-PD");
Chief Pedro 'Pete' Arredondo;
Uvalde Police Department ("UPD");
Lieutenant and Acting Chief Mariano Pargas;
Former UPD Officer and UCISD School Board Member Jesus "J.J." Suarez;
UPD Sergeant Daniel Coronado;
UPD Officer Justin Mendoza;
UPD Officer Max Dorflinger;
Uvalde County Sheriff Ruben Nolasco;
Uvalde County Constable Emmanuel Zamora;
Uvalde County Constable Johnny Field;
Texas Department Of Public Safety ("TDPS") Captain Joel Betancourt;
TDPS Sergeant Juan Maldonado;
TDPS Ranger Christopher Kindell

*/s/ Molly Thomas-Jensen*
Molly Thomas-Jensen