UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SANDRA C. TORRES, INDIVIDUALLY AND AS MOTHER AND REPRESENTATIVE OF THE ESTATE OF DECEDENT, E.T., AND AS NEXT FRIEND OF E.S.T., MINOR CHILD; ELI TORRES, JR.; and JUSTICE TORRES, | § § § § § § § | CIVIL ACTION NO. 2:22-CV-00059-AM-VRG |
| *Plaintiffs,* | § § § | |
| v. | § § § | DECLARATION OF MOLLY THOMAS-JENSEN IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(2) |
| DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC; OASIS OUTBACK, LLC; CITY OF UVALDE; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; UVALDE COUNTY; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT ("UCISD-PD") CHIEF PEDRO 'PETE' ARREDONDO; UVALDE POLICE DEPARTMENT ("UPD") LIEUTENANT AND ACTING CHIEF MARIANO PARGAS; FORMER UPD OFFICER AND UCISD SCHOOL BOARD MEMBER JESUS "J.J." SUAREZ; UPD SERGEANT DANIEL CORONADO; UPD OFFICER JUSTIN MENDOZA; UPD OFFICER MAX DORFLINGER; UVALDE COUNTY SHERIFF RUBEN NOLASCO; UVALDE COUNTY CONSTABLE EMMANUEL ZAMORA; UVALDE COUNTY CONSTABLE JOHNNY FIELD;  TEXAS DEPARTMENT OF PUBLIC SAFETY ("TDPS") CAPTAIN JOEL BETANCOURT; TDPS SERGEANT JUAN MALDONADO; TDPS RANGER CHRISTOPHER KINDELL; and DOES 1-119, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § § | |

**DECLARATION OF MOLLY THOMAS-JENSEN IN SUPPORT OF PLAINTIFFS'
MOTION TO VOLUNTARILY DISMISS UNDER FEDERAL RULE OF CIVIL
PROCEDURE 41(A)(2) WITHOUT PREJUDICE**

I, MOLLY THOMAS-JENSEN, of full age, declare:

1.       I am an attorney of record for plaintiffs Sandra Torres, E.S.T., Eli Torres, Jr., and

Justice Torres. I am a member in good standing of the Bar of the State of New York, and I am

admitted to practice *pro hac vice* in the U.S. District Court for the Western District of Texas, in

the above-captioned case. I have personal knowledge of the matters stated in this declaration. If

called upon to do so, I am competent to testify to all matters set forth herein.

2.       On November 28, 2022, an original complaint was filed in the above-captioned

case on behalf of Sandra Torres, E.S.T., Eli Torres, Jr., and Justice Torres, who are the mother and

siblings of E.T. E.T. was among 19 children and two teachers killed in the mass shooting at Robb

Elementary School in Uvalde, Texas on May 24, 2022.

3.       In the time since the original complaint was filed, there has been extensive reporting

on additional facts about the shooting at Robb.

4.       Also since filing the original complaint, my law firm, Everytown Law, has been

retained by two additional families of children who were in the classrooms where the mass

shooting occurred and who were wounded.

5.       Based on the new information that has come to light and our new clients, we

planned to file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A) and then refile a

complaint with additional plaintiffs and additional co-counsel. For this reason, we did not begin

serving the complaint.

6.      Since filing the original complaint, I have also spoken to counsel for plaintiffs in *Camacho, et al. v. The Uvalde Consolidated Independent School District, et al.*, 2:22-cv-00048-AM-CW (filed Sept. 28, 2022), who had voluntarily dismissed their case via a FRCP 41(a)(1)(A) notice. Counsel for the *Camacho* plaintiffs informed me that it is her intention to refile her case in the Austin Division of the Western District of Texas.

7.      Over the past months, Plaintiffs' counsel and counsel for other survivors of the shooting have diligently worked on gathering additional information and drafting an amended complaint, which was completed this past weekend.

8.      On February 14, 2023 at 2:52 p.m. (central time), I received a phone call from my co-counsel, Blas Delgado, informing me that counsel for Daniel Defense had called him seeking our consent to a planned motion for leave to exceed page limits on a FRCP 12(b)(6) motion to dismiss. Mr. Delgado informed me that he had consented to this motion and had also told counsel for Daniel Defense that they might want to wait to file their 12(b)(6) motion to dismiss, as we intended to file a notice of voluntary dismiss and refile our case.

9.      On February 14, 2023 at 3:42 p.m. (central time), I received an ECF notification by email that counsel to Daniel Defense had filed their motion for leave to exceed page limits. On February 14, 2023 at 3:45 p.m. (central time), I received an ECF notification by email that counsel to Daniel Defense had filed an answer to the complaint.

10.      On February 21, 2023, I emailed counsel to Daniel Defense, asking if they would stipulate to dismissal under FRCP 41(a)(1)(A)(ii). They responded via letter, explaining that because of their pending FRCP 12(b)(6) motion, they did not agree to the stipulation. The letter stated that they would not oppose either (1) our amending the complaint in this case to add

additional plaintiffs or (2) dismissing all defendants in this matter without prejudice except for Daniel Defense. That letter is attached hereto as Exhibit A.

Executed on February 22, 2023 in New York, New York.

Molly Thomas-Jensen

SUBSCRIBED AND SWORN TO BEFORE ME, the underside authority, on this __22__ day of __February__, 2023.

Notary Public

James Edward Miller
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MI6381318
Qualified in New York County
Commission Expires Oct. 1, 2026

# Exhibit A



David M. Prichard
voice: 210.477.7401
fax: 210.477.7450
dprichard@prichardyoungllp.com

10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210.477.7400
Fax: 210.477.7450

February 21, 2023

Ms. Molly Thomas-Jensen                                                      *Via Email*
EVERYTOWN LAW
P.O. Box 4184
New York, NY 10017

      Ref:    Civil Action No. 2:22-cv-00059-AM; *Sandra C. Torres, et al vs. Daniel Defense, LLC, et al* In the United States District Court, Western District of Texas, Del Rio Division

Counsel:

    With respect to your email this morning concerning Plaintiffs' request to voluntarily dismiss the *Torres* matter, without prejudice, so that you may refile in the Austin Division and add additional Plaintiffs, we cannot agree to that given our pending Rule 12(b)(6) motion to dismiss with prejudice.  However, we can agree to either of the following.

1. Daniel Defense would not oppose a motion for your new plaintiffs to join/intervene in the existing *Torres* suit in Del Rio provided that all the Plaintiffs and/or Intervenors do not oppose Daniel Defense filing a second Rule 12(b)(6) motion to dismiss said claims.
   **or**
2. Daniel Defense will not oppose a request to dismiss all other Defendants in the *Torres* matter without prejudice *except* for Daniel Defense.  This would allow Daniel Defense to obtain a ruling on its pending motion.

    Again, if these options are unacceptable and you insist on seeking dismissal of the entire *Torres* case without prejudice to refiling, then we respectfully oppose and will ask the Court to rule on our 12(b)(6) motion.

    Please advise.

Sincerely,

DAVID M. PRICHARD