IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SANDRA C. TORRES, Individually and as Mother and Representative of the Estate of Decedent, ELIAHNA TORRES, and as Next Friend of E.S.T., Minor Child; ELI TORRES, JR.; and JUSTICE TORRES,<br><br>　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>DANIEL DEFENSE, LLC, ET AL.,<br><br>　　　　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:22-cv-00059-AM-VRG |

**DANIEL DEFENSE, LLC'S
OPPOSITION TO PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2) WITHOUT PREJUDICE**

TO UNITED STATES MAGISTRATE JUDGE VICTOR R. GARCIA:

Now comes Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc. ("Daniel Defense") and files this Opposition to Plaintiffs' Motion to Voluntarily Dismiss under Federal Rule of Civil Procedure 41(a)(2) without Prejudice. Daniel Defense respectfully shows as follows:

**I.
INTRODUCTION**

Plaintiffs' counsel is forum-shopping. Having chosen to file in this Court, Plaintiffs now seek to refile in the Austin Division after Daniel Defense moved to dismiss their claims with prejudice under Rule 12(b)(6). Plaintiffs' claims against Daniel Defense are barred by the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*) (the "PLCAA"). The PLCAA provides manufacturers and sellers of firearms, like Daniel Defense, with immunity from suit for cases arising out of persons using legally acquired firearms to commit criminal acts. 15

1

U.S.C. § 7902. There are narrow exceptions to the PLCAA including if a manufacturer or seller knowingly violates a statute that is applicable to the sale or marketing of a firearm and the violation was a proximate cause of the harm for which relief is sought – the so-called "predicate exception." 15 U.S.C. § 7903(5)(A)(iii). In their Original Complaint, Plaintiffs asserted that the Federal Trade Commission Act (15 U.S.C. § 45 *et seq.*) (the "FTCA") is such an exception. It is not.

With its Rule 12(b)(6) Motion, Daniel Defense has shown, as a matter of law, that the FTCA cannot serve as predicate exception. The purpose of Rule 41(a)(2) is to avoid voluntary dismissals which unfairly affect the other side. Courts cannot grant a Rule 41(a)(2) motion that would cause legal prejudice to the defendant which can occur, among other ways, when a plaintiff seeks to avoid an imminent adverse ruling in the case. Granting Plaintiffs' Rule 41(a)(2) would prejudice Daniel Defense because it would deny Daniel Defense a ruling adverse to Plaintiffs' claims. While Plaintiffs now attempt to assert another PLCAA exception in their Amended Complaint (suggesting they know their asserted predicate exception is untenable), it also fails as a matter of law as Daniel Defense will show.[1]

Plaintiffs argue the Court should dismiss their claims without prejudice and without ruling on Daniel Defense's motion because it was "under no obligation" to respond to Plaintiffs' Original Complaint and its decision to file its Rule 12(b)(6) motion "was a choice of its own . . . ." But Plaintiffs' decision to file suit in this Court –in the Division in which the shooting occurred– was their own choice too. Now confronted with the prospect of an imminent adverse ruling, Plaintiffs should not be permitted to avoid such a ruling by seeking a new forum.

The Court should deny Plaintiffs' Rule 41(a)(2) motion, grant Daniel Defense's Rule 12(b)(6) motion and dismiss all of Plaintiffs' claims against it ***with prejudice***. Alternatively, if the

---

[1] Daniel Defense will amend its Rule 12(b)(6) motion to respond to the new PLCAA exception Plaintiffs assert in their Amended Complaint.

Court is inclined to grant Plaintiffs' motion it should impose curative conditions on that dismissal, including ordering any new case filed by Plaintiffs in the Austin Division to be reassigned to this Court to prevent their attempted forum-shopping.

## II.
## BACKGROUND
## (PLAINTIFFS WANT OUT OF DEL RIO)

### A. Plaintiffs sued Daniel Defense in this Division for negligence arising out of the Uvalde school shooting.

Plaintiffs filed their Original Complaint on November 28, 2022. Doc. 1. In addition to suing Daniel Defense, Plaintiffs also sued multiple governmental entities, government officers, and others. *Id.* With respect to Daniel Defense, Plaintiffs asserted only a single cause of action for negligence. *Id.*, ¶¶ 220-233 (First Cause of Action). Plaintiffs maintained Daniel Defense "was subject to the general duty imposed on all persons not to expose others to reasonably foreseeable risks of injury." *Id.*, ¶ 221. Plaintiffs request actual and exemplary damages. *See id.*, p. 75 (Prayer for Relief). Plaintiffs seek damages of $100 billion.

### B. Plaintiffs rejected multiple alternatives from Daniel Defense to keep this case in the Del Rio Division.

Daniel Defense's Rule 12(b)(6) Motion to Dismiss was filed on February 17, 2023. Doc. 25. Daniel Defense moved to dismiss Plaintiffs' claims against them with prejudice because Daniel Defense is immune from suit pursuant to the PLCAA. *Id.*, p. 4-10. In response to Daniel Defense's motion, Plaintiffs now seek to dismiss this lawsuit before the Court can rule on the motion.

Plaintiffs' counsel emailed Daniel Defense's counsel on February 21, 2023 and advised them of Plaintiffs' intention to dismiss this lawsuit without prejudice so that they could file a new lawsuit in the Austin Division that included additional claimants. *See* Ex. 1 (M. Thomas Jensen

165529

Email, 9:34 a.m.).  Plaintiffs requested Daniel Defense stipulate to a voluntary dismissal *without prejudice*.  *Id.*  Daniel Defense's counsel advised that it would not agree to Plaintiffs' proposed stipulation but would agree to alternatives.  *See* Ex. 2  (D. Prichard Letter).  Specifically, Daniel Defense would not oppose the new claimants joining and/or intervening in this matter, provided Plaintiffs would not oppose Daniel Defense filing a second Rule 12(b)(6) motion to dismiss.  *Id.*  Alternatively, Daniel Defense advised it was not opposed to Plaintiffs dismissing their claims against all of the other defendants without prejudice, except Daniel Defense, thus allowing a ruling on Daniel Defense's pending Rule 12(b)(6) motion.  *Id.*

Plaintiffs' counsel advised that they did not agree to either alternative Daniel Defense proposed.  *See* Ex. 3 (M. Thomas-Jensen email, 4:53 p.m.).  Citing Federal and Local Rule 15 concerning amended and supplemental pleadings, Plaintiffs' counsel stated they intended to "amend our allegations against Daniel Defense" by "adding a new cause of action" that would supposedly render Daniel Defense's Rule 12(b)(6) motion moot.  *Id.*  Given the indication from Plaintiffs' counsel that it now intended to amend its existing complaint, counsel for Daniel Defense responded and stated it would not oppose Plaintiffs amending their existing complaint, provided that Plaintiffs would not oppose Daniel Defense filing a second Rule 12(b)(6) motion.  *See* Ex. 3 (D. Prichard email; 6:52 p.m.).  The next day, Plaintiffs' counsel stated they would not agree to this alternative either and, instead, advised they planned to file their new complaint in the Austin Division.  *See* Ex. 3 (M. Thomas-Jensen email, 8:56 a.m.).

### C. Plaintiffs amended their Complaint and moved for dismissal without prejudice.

On March 23, 2023, Plaintiffs filed their First Amended Complaint (Doc. 26) and asserted a new claim against Daniel Defense for negligence per se.  *Id.*, ¶¶ 243-250.  The same day,

4

165529

Plaintiffs filed their Motion to Voluntarily Dismiss under Federal Rule of Civil Procedure 41(a)(2) (Doc. 27) ("Plaintiffs' Motion").[2]

### III.
### THE COURT SHOULD DENY PLAINTIFFS' MOTION AND RULE ON DANIEL DEFENSE'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE

**A.      The standards for dismissal under Rule 41.**

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The Fifth Circuit has summarized the standards governing voluntary dismissals.

> Voluntary dismissals "should be freely granted," but ***a plaintiff's request will not be allowed if "the non-moving party will suffer some plain legal prejudice.***" *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002). Plain ***legal prejudice may occur when the plaintiff*** moves to dismiss a suit at a late stage of the proceedings or ***seeks to avoid an imminent adverse ruling in the case***, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. *In re FEMA Trailer,* 628 F.3d at 162. ***The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side."*** *Elbaor,* 279 F.3d at 317.

*Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. App'x 267, 268 (5th Cir. 2012) (emphasis added); *see Kranz v. Midland Credit Mgmt., Inc.*, No. SA-18-CV-169-XR, 2020 WL 2326140, at *2 (W.D. Tex. May 8, 2020) (same); *Zaragoza v. Allstate Fire & Cas. Ins. Co.*, No. DR-18-CV-070-AM/CW, 2019 WL 5275534, at *2 (W.D. Tex. Sept. 12, 2019) (same); *Barragan v. Gen. Motors LLC*, No. 5:15-CV-854-DAE, 2017 WL 5197868, at *2 (W.D. Tex. Mar. 13, 2017) (same); *see also Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (stating primary

---

[2] On February 22, 2023, a new complaint was filed in the Austin Division – Cause No. 1:23-cv-00196, *Christina Zamora et al v. Daniel Defense, LLC et al.* ("*Zamora*"). This complaint does not currently include the Torres Plaintiffs from this case. *See id.*, Doc. 1. However, the plaintiffs in *Zamora* are represented by the same counsel as the Torres Plaintiffs along with additional counsel from Chicago (as referenced in Ms. Thomas-Jensen's email). *See* Exhibit 3.

5

165529

purpose of Rule 41(a)(2) is to prevent voluntary dismissal "that unfairly affect[s] the other side, and to permit the imposition of curative conditions"); *Kranz*, 2020 WL 2326140, at *2 (same).

"If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elbaor*, 279 F.3d at 317–18; *see Kranz*, 2020 WL 2326140, at *2 (same); *Zaragoza*, 2019 WL 5275534, at *2 (same).

A "plaintiff's right to a voluntary dismissal without prejudice is not absolute. Rather, dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court . . . ." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976); *see Kranz*, 2020 WL 2326140, at *2 (same); *Zaragoza*, 2019 WL 5275534, at *2 (same); *Barragan*, 2017 WL 5197868, at *2 (same).

>    **B.   Daniel Defense will be prejudiced if Plaintiffs' motion is granted because Plaintiffs will avoid an imminent adverse ruling on an important legal issue.**

Plaintiffs maintain Daniel Defense will suffer no legal prejudice if their claims are dismissed without prejudice. Plaintiffs' Motion at 3, 8. Legal prejudice under a Rule 41(a)(2) analysis includes a plaintiff seeking dismissal before an imminent adverse ruling. *Harris*, 500 Fed. App'x at 268; *Zargoza,* 2019 WL 5275534, at *2. It is no coincidence Plaintiffs sought to dismiss their claims without prejudice *after* Daniel Defense moved to dismiss Plaintiffs' claims with prejudice based on the PLCAA. As shown in Daniel Defense's motion, Plaintiffs' claims against Daniel Defense are barred by the PLCAA, and Plaintiffs, as a matter of law, cannot rely on the FTCA as a "predicate exception" to the PLCAA's broad grant of immunity. *See* Doc. 25 at 9-27. Further, claimants in other lawsuits against Daniel Defense are relying (or have relied) on the

165529

FTCA as the basis for a predicate exception under the PLCAA. *See* Doc. 22 at 4.[3] With its dismissal request, Plaintiffs seek to prevent an imminent ruling that would not only dismiss their claims against Daniel Defense with prejudice but that would also create precedent on an issue of first impression –that the FTCA fails to qualify as a predicate exception under the PLCAA. Dismissing Plaintiffs' claims under such circumstances is plain legal prejudice to Daniel Defense and warrants denying Plaintiffs' motion. *See Curry v. Jasper*, No. 2:20-CV-01145, 2020 WL 6103594, at *1–2 (W.D. La. Oct. 15, 2020) (stating that plaintiff's Rule 41 motion "is an evident attempt to avoid the adverse result of dismissal under Rule 12(b)(6)").[4] To prevent this prejudice to Daniel Defense, the Court should deny Plaintiffs' motion and then rule on and grant Daniel Defense's Rule 12(b)(6) motion. Alternatively, under Rule 41(a)(2) the Court could grant Plaintiffs' motion but dismiss their claims with prejudice. *See Kranz,* 2020 WL 2326140, at *4 (granting plaintiff's motion to dismiss but dismissing claims with prejudice "to adequately cure the prejudice to and protect the interests of [d]efendants").

Plaintiffs' Amended Complaint effectively concedes they are seeking a dismissal without prejudice to avoid an imminent adverse ruling because they attempt to assert a new exception to avoid immunity under the PLCAA. The statute includes an exception for claims against sellers for negligence per se. 15 U.S.C. § 7903(5)(A)(ii). Plaintiffs' Amended Complaint includes a new cause of action for negligence per se based on alleged violations of the FTCA. Plaintiffs' Amended Complaint, ¶¶ 243-250. Plaintiffs argue that their Amended Complaint makes Daniel Defense'

---

[3] Those cases are *Corina Camacho et al. v. The Uvalde Consolidated Independent School District et al.*, No. 2:22-c-00048-AM-CV, in the United States District Court for the Western District of Texas, Del Rio Division ("*Camacho*") and *Jasmine C. et al. v. Daniel Defense, LLC et al.*, No. 1:22-cv-01251, in the United States District Court for the Western District of Texas, Austin Division ("*Jasmine C*").

[4] While the district court in *Curry* correctly recognized the plaintiff's motion to dismiss as an attempt to avoid an adverse ruling on the defendant's Rule 12(b)(6) motion, the court had no choice but to grant the plaintiff's request because the defendant had not filed an answer or summary judgment and, thus, under Rule 41(a)(1)(A), the plaintiff was automatically entitled to a dismissal without a court order. 2020 WL 6103594, at *1–2. Here, Daniel Defense filed an Answer Subject to its Rule 12(b)(6) Motion to Dismiss (Doc. 23) and, thus, Rule 41(a)(1)(A) is inapplicable.

7

165529

Rule 12(b)(6) request moot. Plaintiffs' Motion at 3, 8. But that is not the case. Plaintiffs continue to assert the predicate exception that is the subject of the current Rule 12(b)(6) motion. Plaintiffs' Amended Complaint, ¶¶ 243-250. And as for Plaintiffs' newly asserted PLCAA exception, Daniel Defense will amend its Rule 12(b)(6) Motion, pursuant to Rule 15, and explain why Plaintiffs also cannot rely on this exception, as a matter of law, to avoid immunity under the PLCAA.

Granting Plaintiffs' motion and dismissing their claims without prejudice to refiling also prejudices Daniel Defense by denying it the freedom from suit provided the PLCAA. The PLCAA provides not mere immunity from liability but immunity from being sued. *See* 15 U.S.C. § 7902(a) ("A qualified civil liability action may not be brought in any Federal or State court."); *In re Academy, Ltd.*, 625 S.W.3d 19, 34 (Tex. 2021) ("The PLCAA thus "immunizes a specific type of defendant from a specific type of suit" and "bars the commencement or the prosecution of qualified civil liability actions."). The protection afforded by the PLCAA is so comprehensive that it requires the immediate dismissal of qualified civil liability actions like this case. 15 U.S.C. § 7902. If Plaintiffs are allowed to refile their prohibited claims against Daniel Defense, then Daniel Defense is continuing to be denied the immunity from suit granted by the PLCAA.

**C.    Alternatively, if the Court is inclined to grant Plaintiffs' motion and dismiss their claims without prejudice, it should impose conditions to prevent Plaintiffs' forum-shopping.**

While the Del Rio Division has the broadest and deepest connection to cases arising from the Uvalde school shooting[5], Plaintiffs now want no part of the Court they initially chose for their lawsuit. Plaintiffs' counsel is clearly forum-shopping. This is evidenced by the fact that Plaintiffs rejected the multiple options Defendants offered to keep the case in this Court. *See* Ex. 1-3. First

---

[5] Nearly all the parties and certainly most of the fact witnesses are citizens of or reside in and around Uvalde, in the Del Rio Division, rather than the Austin Division. For those claims already filed in Austin, even assuming they could survive Rule 12(b)(6) motions, those cases would be subject to transfer for the convenience of the parties and witness. *See* 28 U.S.C. § 1404(a).

8

165529

with *Camacho* (voluntarily dismissed without prejudice on February 2, 2023) and now with this case, the Plaintiffs bar seemingly does not want this Court to preside over federal cases arising from a shooting that occurred in this Division and, instead, want to prosecute their claims in Austin. And Plaintiffs clearly do not want this Court to rule on Daniel Defense's Rule 12(b)(6) motion. While Plaintiffs insist their motion is brought in "good faith," the facts show they are forum-shopping.

Under a Rule 41(a)(2) analysis, "the potential for forum-shopping does not count as legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016); *Dale v. Equine Sports Med. & Surgery Race Horse Serv., P.L.L.C.*, 750 Fed. Appx. 265, 268 (5th Cir. 2018). ***However***, that does not mean district courts must ignore forum-shopping concerns when deciding requests for dismissal under Rule 41.  The Fifth Circuit has condemned forum-shopping and stated that district courts can take measures to prevent it.

> It is possible that IDT's objection to the requirement that any re-filed case be filed in Judge Kinkeade's court is that IDT is chagrined at having drawn Judge Kinkeade at random and would prefer to have this case assigned to a different judge in the Northern District of Texas.  If that is so, IDT might re-file the case for the sole purpose of drawing a judge it views as more favorable.  ***We do not approve of such a raw attempt at forum-shopping. Any district court—including the Northern District of Texas in respect to this case—is free to prohibit such a practice and to require that a re-filed action be assigned to the original judge, or to require that if a re-filed case is assigned to a different judge, that judge shall transfer the case to the original judge.  Although rule 41(a)(1) guarantees IDT an unconditional dismissal, it does not confer on IDT the right to manipulate the designation of a judge.***

*International Driver Training Inc. v. J-BJRD Inc.*, 202 Fed. App'x 714, 716 (5th Cir. 2006) ("*IDT*") (emphasis added); *see Bechuck*, 814 F.3d at 293-94, n.7 (stating that while Rule 41(a)(1) "essentially permits forum shopping," that "does not mean there can be no mechanisms to prevent forum-shopping" and citing *IDT* for the proposition that "district courts are free to adopt a rule 'requir[ing] that a re-filed action be assigned to the original judge'").

9

165529

The Court should deny Plaintiffs' motion for the reasons Daniel Defense has set forth. However, if the Court is inclined to grant Plaintiffs' motion, and dismiss their claims without prejudice, then the Court should impose conditions on refiling to prevent Plaintiffs from forum-shopping, including ordering that if the case is filed in a different division (as Plaintiffs state they will do) then the case shall be reassigned and/or transferred to this Court. *IDT*, 202 Fed. App'x at 716.

## IV.
## CONCLUSION

WHEREFORE, Defendant Daniel Defense, LLC respectfully requests the Court: (1) deny Plaintiffs' Motion to Dismiss their claims without prejudice, and (2) rule on and grant Daniel Defense's Rule 12(b)(6) Motion to Dismiss Plaintiffs' claims with prejudice. Alternatively, if the Court is inclined to grant Plaintiffs' motion, then the Court should exercise its discretion and order that Plaintiffs' refiled suit be assigned and/or transferred to this Court. Daniel Defense, LLC further requests any additional relief to which it is entitled.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail:  dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com

Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

***COUNSEL FOR DEFENDANT,***

165529

*DANIEL DEFENSE, LLC F/K/A*
*DANIEL DEFENSE, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February 2023, I served the following counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Blas H. Delgado
LAW OFFICES OF BLAS DELGADO, P.C.
2806 Fredericksburg Road, Suite 116
San Antonio, Texas 78201

David Lopez
LM LAW GROUP, PLLC
2806 Fredericksburg Road, Suite 116
San Antonio, Texas 78201

Eric Tirschwell
Molly Thomas-Jensen
Ryan Gerber
Laura Kelley
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, New York 10017

*/s/ David M. Prichard*
David M. Prichard

165529