UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| SANDRA C. TORRES, INDIVIDUALLY AND AS MOTHER AND REPRESENTATIVE OF THE ESTATE OF DECEDENT, E.T., AND AS NEXT FRIEND OF E.S.T., MINOR CHILD; ELI TORRES, JR.; and JUSTICE TORRES, § § § § § § § *Plaintiffs,* § § v. § § DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC; OASIS OUTBACK, LLC; CITY OF UVALDE; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; UVALDE COUNTY; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT ("UCISD-PD") CHIEF PEDRO 'PETE' ARREDONDO; UVALDE POLICE DEPARTMENT ("UPD") LIEUTENANT AND ACTING CHIEF MARIANO PARGAS; FORMER UPD OFFICER AND UCISD SCHOOL BOARD MEMBER JESUS "J.J." SUAREZ; UPD SERGEANT DANIEL CORONADO; UPD OFFICER JUSTIN MENDOZA; UPD OFFICER MAX DORFLINGER; UVALDE COUNTY SHERIFF RUBEN NOLASCO; UVALDE COUNTY CONSTABLE EMMANUEL ZAMORA; UVALDE COUNTY CONSTABLE JOHNNY FIELD; TEXAS DEPARTMENT OF PUBLIC SAFETY ("TDPS") CAPTAIN JOEL BETANCOURT; TDPS SERGEANT JUAN MALDONADO; TDPS RANGER CHRISTOPHER KINDELL; and DOES 1-119, § § § § § § § § § § § § § § § § § § § § § § § § § § *Defendants.* § | CIVIL ACTION NO. 2:22-CV-00059-AM-VRG<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(2) |

**Plaintiffs' Reply in Support of Motion to Voluntarily Dismiss Under Federal Rule of Civil Procedure 41(a)(2) Without Prejudice**

The question before this Court is narrow: will Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc ("Daniel Defense") suffer any "legal prejudice" from Plaintiffs' voluntary dismissal of this suit? The answer is simple: no. Plaintiffs submit this reply to correct several errors of fact and law in Daniel Defense's opposition brief that distract from the straight-forward question before this Court. The bottom line is that Plaintiffs here are not engaged in anything abusive or nefarious—as explained in the opening brief, they seek to refile for the sake of judicial efficiency and economy. There are three other cases stemming from the shooting pending in Austin, with a fourth to be filed soon. *See C. v. Daniel Defense*, No. 1:22-cv-01251-LY (filed Nov. 29, 2022); *J.P. v. Uvalde Consolidated Independent School District*, No. 1:22-cv-01252-LY (filed Nov. 29, 2022); *Zamora v. Daniel Defense*, No. 1:23-cv-00196-LY (filed Feb. 22, 2023); Decl. of Molly Thomas-Jensen at ¶ 6, ECF No. 27-1. It would be more efficient for all parties involved, including the Court, for all the cases to be decided in the same forum, and Daniel Defense has not offered any alternative solution to efficiently resolve these overlapping issues of fact and law presented by these cases.

I. **Daniel Defense will not suffer legal prejudice.**

Daniel Defense's sole proffered legal prejudice is that Plaintiffs are seeking to avoid an "imminent adverse ruling" since Daniel Defense filed a now-moot motion to dismiss. That assertion is factually incorrect and, even if it were true, of no legal significance.

Courts in the Fifth Circuit have concluded that a defendant filing a 12(b)(6) motion is *not* sufficient to show that a plaintiff is seeking to avoid an imminent adverse ruling and thus is not legal prejudice. *See, e.g.*, *City Walk v. City of Laredo*, No. CIVA L-08-36, 2008 WL 2359930, at *4 (S.D. Tex. June 5, 2008) (granting motion for voluntary dismissal without prejudice when

1

defendants had a pending motion to dismiss); *Mesa v. Wells Fargo Bank*, N.A., No. 4:17-CV-532-ALM-CAN, 2018 WL 1163219, at *2 (E.D. Tex. Feb. 4, 2018), (finding no legal prejudice or attempt to avoid an imminent adverse ruling where a motion to dismiss with prejudice had been mooted) *report and recommendation adopted*, No. 4:17-CV-532, 2018 WL 1163472 (E.D. Tex. Mar. 4, 2018); *4405 Bay Valley Fam. Land Tr. v. Hughes Watters Askanase*, LLP, No. 3:13-CV-2545-N, 2014 WL 772953, at *4 (N.D. Tex. Feb. 27, 2014) (dismissing case without prejudice after a magistrate judge issued a report and recommendation recommending dismissal on a 12(b)(6) motion with leave to amend).[1]

Here, Plaintiffs are *not* in any sense seeking to avoid an imminent adverse ruling, and Daniel Defense's arguments to the contrary are premised on incorrect factual assertions.

First, Daniel Defense claims that Plaintiffs filed their motion for voluntary dismissal in response to Daniel Defense's motion to dismiss. Not so. As explained in Plaintiffs' opening brief, Daniel Defense opted to file its motion to dismiss and answer *after* Plaintiffs' counsel explained that their plan was to file a notice of voluntary dismissal and then refile the case. *See* Mot. at 5,

---

[1] A defendant suffers "legal prejudice," by contrast, when a plaintiff moves for Rule 41(a)(2) dismissal in the face of an imminent decision, usually after discovery, where there is little or no likelihood that the plaintiff will prevail on that motion. For example, in *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267 (5th Cir. 2012) (unpublished), a case relied upon by Daniel Defense, the defendants filed a motion for summary judgment after taking discovery and the plaintiffs "*conceded that they could not prove*" causation in the case. *Id.* at 269 (emphasis added). Under those conditions, the court found that defendants would suffer legal prejudice from the dismissal because the summary judgment motion was sure to be granted. *Id.* Additionally, the sole case that Daniel Defense cites to support its contention that it will be prejudiced by a voluntary dismissal because it filed a 12(b)(6) motion dealt with a notice of dismissal under Rule 41(a)(1), and voluntary dismissal without prejudice was granted as a matter of right to the plaintiffs in that case. *Curry v. Jasper*, No. 2:20-CV-01145, 2020 WL 6103594, at *1–2 (W.D. La. Oct. 15, 2020).

ECF No. 27, Thomas-Jensen Decl. at ¶ 8. This was Plaintiffs' plan *before* Daniel Defense filed its motion to dismiss and not a response to that motion.[2]

<u>Second</u>, Daniel Defense's motion to dismiss was mooted by Plaintiffs' amended complaint and was not fully briefed. Daniel Defense may, of course, refile its motion to dismiss, and Plaintiffs will oppose it should it do so. This is not legal prejudice since Daniel Defense will be able to make the same arguments in any other court that they could make here in a renewed motion to dismiss. *See City Walk*, 2008 WL 2359930, at *4 (no legal prejudice from dismissal without prejudice at this early stage of the proceedings because defendant can "raise an identical defense in subsequent proceedings in a state or federal court").

<u>Third</u>, in support of its argument that Plaintiffs are seeking to avoid an imminent, adverse ruling, Daniel Defense suggests that Plaintiffs' First Amended Complaint is the same except for the addition of a new claim against Daniel Defense and that this is tantamount to a concession that Daniel Defense's motion to dismiss will be meritorious. This, too, is incorrect, as Plaintiffs have added significantly to their factual allegations concerning Daniel Defense's unfair marketing. *See, e.g.*, Am. Compl. ¶¶ 44-47, 54, 67-69, 79-81, 83, 98, 236-37, ECF No. 26.[3] The additions in the Amended Complaint go beyond a single additional cause of action, and Plaintiffs emphatically do not "effectively concede[]," Opposition ("Opp'n.") at 7, ECF No. 31, that they would lose a motion to dismiss.[4]

---

[2]   Daniel Defense was not obligated to file a motion to dismiss and answer; it chose to do so. Plaintiffs then filed their amended complaint in response to Daniel Defense's motion to dismiss, which made the motion moot. *See* Am. Compl., ECF 26; *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[3]   Plaintiffs also added new defendants and made significant additions to the factual allegations against the law enforcement defendants.

[4]   To the contrary, Plaintiffs added a negligence per se cause of action in their amended complaint, because in its motion to dismiss, Daniel Defense concedes that it is a seller, under

3

## II.  The Fifth Circuit has specifically rejected refiling conditions like the one Daniel Defense seeks here.

Despite Fifth-Circuit precedent to the contrary, Daniel Defense argues that, if the Court grants Plaintiffs' Rule 41(a)(2) dismissal here, it should include a refiling condition with that dismissal. Daniel Defense accuses Plaintiffs of forum shopping, without ever addressing Plaintiffs' argument that refiling in Austin will permit greater efficiencies for litigants, attorneys, and the Court. In any event, "the potential for forum-shopping does not count as legal prejudice," and neither does "the fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum". *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal citations and quotation omitted). Thus, the Fifth Circuit reasoned that "[i]f the possibility of tactical advantage does not justify the denial of a voluntary dismissal, likewise the possibility of tactical advantage *should not justify the imposition of a refiling condition*." *Id*. (emphasis added). While the *Bechuck* court left open the possibility that a refiling condition could be appropriate if "a plaintiff has a repeated history of vexatious forum-shopping causing significant inconvenience to the defendant," *id.* at 299, it did not resolve the question there because there was "no history of abuse that renders such a condition appropriate," *id*. at 292.  The same is true here; this is Plaintiffs' first suit against Daniel Defense and there is certainly no history of abusing the voluntary dismissal process. *Bechuck* is thus controlling precedent on this point.

---

PLCAA—a concession that means that additional PLCAA exceptions apply to its conduct here. Daniel Defense Mot. to Dismiss at 8 n.6, ECF No. 25.

    Plaintiffs further note that, though Daniel Defense characterizes the substantive issue before the Court as one of "first impression," Opp'n. at 7, the most closely analogous case to the instant one—stemming from the Sandy Hook Elementary School shooting—permitted a case of this nature to go forward. *See Soto v. Bushmaster Firearms Int'l, LLC*, 331 Conn. 53, 157, 202 A.3d 262, 325 (2019) (holding that "PLCAA does not bar the plaintiffs' wrongful marketing claims").

4

In a bid to avoid *Bechuck's* holding, Daniel Defense cites dictum from an unpublished case, *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715 (5th Cir. 2006), and a passage in *Bechuck* that address forum-shopping under Rule 41(a)(1). But *Int'l Driver Training* held that the District Court lacked jurisdiction to impose a refiling condition on a 41(a)(1) dismissal and thus the Fifth Circuit vacated that condition. *Id.* And the cited passage from *Bechuck* merely indicates that a Federal District Court may adopt a local rule designed to prevent forum shopping, but that "[s]uch a rule must be imposed at the wholesale level [] and may not be attached individually as a condition on voluntary dismissals under Rule 41(a)(1)." *Bechuck*, 814 F.3d at 293 n.7. These cases do not alter the holding of *Bechuck* that a refiling condition under Rule 41(a)(2) is impermissible absent a demonstrated history of abuse by the plaintiff.

### III.   Conclusion

For these additional reasons, the Court should grant Plaintiffs motion to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) without prejudice or condition.

DATED: February 28, 2023

Respectfully Submitted,

*/s/ Molly Thomas-Jensen*

**EVERYTOWN LAW**
Eric Tirschwell (*pro hac vice*)
Molly Thomas-Jensen (*pro hac vice*)
Ryan Gerber (*pro hac vice*)
Laura Keeley (*pro hac vice*)
450 Lexington Avenue, P.O. Box #4184
New York, NY 10017
646-324-8226
etirschwell@everytown.org
mthomasjensen@everytown.org
rgerber@everytown.org
lkeeley@everytown.org

**LAW OFFICES OF BLAS DELGADO, P.C.**
Blas H. Delgado
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
210-227-4186
delgadoblas@yahoo.com

**LM LAW GROUP, PLLC**
David Lopez (*pro hac vice*)
2806 Fredericksburg Rd., Ste. 118
San Antonio, TX 78201
210-396-2045
Ruiz.LMLawGroup@gmail.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2023, I served the following counsel through electronic service (ECF) as authorized by Fed. R. Civ. Pro. 5:

David M. Prichard
David R. Montpas
Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]
Counsel for Defendant, Daniel Defense, LLC (fka Daniel Defense, Inc.)

I hereby certify that on the following defendants in this action will be served in accordance with Fed. R. Civ. Pro. 5(b) either personally, by mail, or electronic mail:

Oasis Outback, LLC;
City Of Uvalde;
Uvalde Consolidated Independent School District;
Uvalde County;
Uvalde Consolidated Independent School District Police Department ("UCISD-PD");
Chief Pedro 'Pete' Arredondo;
Uvalde Police Department ("UPD");
Lieutenant and Acting Chief Mariano Pargas;
Former UPD Officer and UCISD School Board Member Jesus "J.J." Suarez;
UPD Sergeant Daniel Coronado;
UPD Officer Justin Mendoza;
UPD Officer Max Dorflinger;
Uvalde County Sheriff Ruben Nolasco;
Uvalde County Constable Emmanuel Zamora;
Uvalde County Constable Johnny Field;
Texas Department Of Public Safety ("TDPS") Captain Joel Betancourt;
TDPS Sergeant Juan Maldonado;
TDPS Ranger Christopher Kindell

*/s/ Molly Thomas-Jensen*
Molly Thomas-Jensen