UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| SANDRA C. TORRES, INDIVIDUALLY AND AS MOTHER AND REPRESENTATIVE OF THE ESTATE OF DECEDENT, E.T. AND AS NEXT FRIEND OF E.S.T., MINOR CHILD; ELI TORRES, JR.; and JUSTICE TORRES,<br>*Plaintiffs*<br>v.<br>DANIEL DEFENSE, LLC, et al.<br>*Defendants* | Case No. 2:22-cv-00059-AM |

DEFENDANTS MENDOZA'S, DORFLINGER'S, CORONADO'S, AND PARGAS' NOTICE OF SUPPLEMENTAL AUTHORITIES SUPPORTING MOVANTS' MOTION TO DISMISS

Defendant Uvalde police officers Justin Mendoza, Max Dorflinger, Uvalde police sergeant Telesforo Coronado, and Uvalde police lieutenant Mariano Pargas (collectively herein "Movants") herein provide the Court with recently decided supplemental authority supporting Movants' motion to dismiss the claims asserted against them in Plaintiffs' First Amended Complaint [Doc. 26].

NOTICE OF SUPPLEMENTAL AUTHORITY

1. In ¶¶ 18, 36, 39, 47, 50, and 51 of their motion to dismiss [Doc. 66], Movants cited *Fisher v. Moore*, 62 F.4th 912 (5th Cir. 2023). On July 14, 2023, the United States Court of Appeals for the Fifth Circuit withdrew its panel opinion in *Fisher v. Moore*, 62 F.4th 912 (5th Cir. 2023), and substituted it with *Fisher v. Moore*, 73 F.4th 367, 2023 U.S. App. LEXIS 17996 *2, 2023 WL 4539588 (5th Cir. 2023) (*Fisher II*). Therefore, Movants herein inform the Court of this supplemental authority that further supports Movant's motion to dismiss.

> This circuit has never adopted a state-created danger exception to the sweeping 'no duty to protect' rule. And a *never*-established right cannot be a *clearly* established one.

*Id*. at *2-3.

2. "Some might reasonably contend, given [the Fifth] circuit's decade-plus of indecision – never adopting state-created danger yet never rejecting it – that if the theory is to be squarely engaged, its once-and-for-all adoption or rejection should come from the en banc court rather than a panel." *Id*. at *10 n.15.

3. *Fisher II* further held that the adoption of the state-created-danger theory of liability in other circuits fails to provide a "robust 'consensus of persuasive authority' [that] suffice[s] to clearly establish a constitutional right." *Id*. at *11 (quoting *Morgan v. Swanson*, 659 F.3d 371-72 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 2009)).

4. On July 17, 2023, the Fifth Circuit Court also issued its decision in *Zinsou v. Fort Bend County*, 2023 U.S. App. LEXIS 18111 *6, 2023 WL 4559365 (5th Cir. 2023) (not scheduled for publication), in which the Court cited the substituted *Fisher* opinion.

5. *Fisher II* did not discuss the further "heavy" burden the plaintiffs in this case face that requires particularized identification of "relevant precedent [that] 'ha[s] placed the … constitutional question beyond debate.'" *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (quoting *al-Kidd*, 563 U.S. at 741). The Court "must frame the constitutional question with specificity and granularity." *Id*. The Fifth Circuit's mere general adoption of the state-created-danger cause of action is a far cry from showing that Movants were on notice "beyond debate" that their respective actions were clearly unlawful. *Id*. at 875.

Respectfully submitted,

By: /s/ *William S. Helfand*
William S. Helfand
Bill.Helfand@lewisbrisbois.com

                                              Attorney-in-Charge
                                              SBOT: 09388250
                                              Norman Ray Giles
                                              Norman.Giles@lewisbrisbois.com
                                              SBOT: 24014084
                                              Randy E. Lopez
                                              Randy.Lopez@lewisbrisbois.com
                                              SBOT: 24091829

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
Attorneys for Defendants
Justin Mendoza
Max Dorflinger
Telesforo Coronado
Mariano Pargas

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court and served upon all counsel of record in accordance with the District's ECF service rules on August 7, 2023.

                                                          */s/ William S. Helfand*
                                                           William S. Helfand