UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO
DIVISION

| | |
|---|---|
| SANDRA C. TORRES, INDIVIDUALLY AND AS MOTHER AND REPRESENTATIVE OF THE ESTATE OF DECEDENT, E.T., AND AS NEXT FRIEND OF E.S.T., MINOR CHILD; ELI TORRES, JR.; and JUSTICE TORRES,<br><br>     *Plaintiffs,*<br><br>v.<br><br>DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC.; OASIS OUTBACK, LLC; CITY OF UVALDE; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; UVALDE COUNTY; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT ("UCISD-PD") CHIEF PEDRO 'PETE' ARREDONDO; UVALDE POLICE DEPARTMENT ("UPD") LIEUTENANT AND ACTING CHIEF MARIANO PARGAS; FORMER UPD OFFICER AND UCISD SCHOOL MEMBER JESUS "J.J." SUAREZ; UPD SERGEANT DANIEL CORONADO; UPD OFFICER JUSTIN MENDOZA; UPD OFFICER MAX DORFLINGER; UVALDE COUNTY SHERIFF RUBEN NOLASCO; UVALDE COUNTY CONSTABLE EMMANUEL ZAMORA; UVALDE COUNTY CONSTABLE JOHNNY FIELD; TEXAS DEPARTMENT OF PUBLIC SAFETY ("TDPS") CAPTAIN JOEL BETANCOURT; TDPS SERGEANT JUAN MALDONADO; TDPS RANGER CHRISTOPHER KINDELL; and DOES 1 – 119,<br>     *Defendants.* | Case No.  2:22-CV-00059-AM<br><br>1.  Negligence<br><br>2.  Negligence Per Se<br><br>3.  Negligent Transfer<br><br>4.  Negligent Sale<br><br>5.  42 U.S.C. § 1983, *et seq.*<br><br>6.  Punitive/Exemplary Damages<br><br>Jury Trial Demanded pursuant to Fed. R. Civ. P. 38(b) |

<u>DEFENDANT OASIS OUTBACK, LLC'S RESPONSE TO OPPOSED MOTION
FOR LEAVE TO AMEND COMPLAINT</u>

Oasis Outback, LLC ("Oasis") files this Response to Plaintiffs' Opposed Motion for Leave to Amend Complaint. Dkt. 146. Oasis opposes Plaintiffs' proposed amendment because it is futile.

## ARGUMENT AND AUTHORITIES

This lawsuit arises from the criminal shooting at Robb Elementary in May 2022 perpetrated by an 18-year-old (the "Shooter" or "Purchaser"). Oasis is a local sporting goods store that also serves as a firearms dealer to complete online purchases made directly from gun manufacturers. Plaintiffs are victims of the Shooter's crimes.

This case has been on file for over a year. Last year, Oasis moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing it is immune from suit under the Protection of Lawful Commerce in Arms Act (15 U.S.C. §§ 7901–7903 ("PLCAA")). Dkt. 77. The Plaintiffs did not amend their pleading under CV-15 in response to Oasis' Motion to Dismiss. *See* Dkt. 77, Oasis' Motion to Dismiss and Dkt. 110, Oasis' Reply in Support of Motion to Dismiss. The parties' briefs have been pending with the Court since June 2023, and Oasis incorporates Dkt. 77, Oasis' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), and Dkt. 110, Oasis' Reply in Support of Motion to Dismiss, as though set forth fully herein.

Now, a year later, Plaintiffs seek to amend their complaint on the basis of "new" facts. The bulk of the Plaintiffs' amendment concerns Daniel Defense, the alleged manufacturer and seller of the firearm used in the shooting. Concerning

1

Oasis, Plaintiffs acknowledge their amendment is limited to descriptions of the Shooter's behavior based on surveillance footage referenced in Plaintiffs' earlier briefing. Dkt. 146 at p. 8.  Plaintiffs claim the additional descriptions reveal "Oasis knew or reasonably should have known that [the Shooter] was a dangerous person who was likely to use the rifles he obtained from Oasis Outback for unlawful purposes, including to kill and injure people. For these reasons, Defendant Oasis Outback engaged in a negligent sale and transfer."  Dkt. 146.

The Court should deny leave to amend because it is futile. "Amendments are futile where the proposed amendment fails to state a claim, and courts review them under the 'same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Nix v. Major League Baseball*, 62 F.4th 920, 935–36 (5th Cir. 2023) (internal citation omitted).

It is undisputed that the PLCAA applies to Plaintiffs' claims against Oasis. Dkt. 104 at p. 6 ("Plaintiffs do not dispute that, if its case against Oasis Outback did not fit into one of PLCAA's exceptions, it would be a 'qualified civil liability action" and dismissal would be warranted."); Dkt. 77 at §I(A).

Because it is undisputed that the PLCAA applies, the Court must dismiss Plaintiffs' claims unless they meet one of the PLCAA's exceptions.  For a cause of action to be exempt, the action must exist under applicable state or federal law. *In re Acad., Ltd.*, 625 S.W.3d 19, 30 (Tex. 2021) ("*Academy*").  Plaintiffs agree. Dkt. 104 at p. 6.

2

There is no federal common-law claim for negligent entrustment.  And, Texas does not recognize a negligent entrustment action against the seller of a product. *Nat'l Convenience Stores, Inc. v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 687 (Tex. App—Dallas 1994, writ denied) (Jan. 12, 1995) ("[W]e find negligent entrustment does not apply to the sale of a chattel."); *Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 304 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *Allen v. Wal-Mart Stores, LLC*, 2017 WL 978702, *11 (S.D. Tex. Mar. 14, 2017) (collecting cases), *motion for relief from judgment denied*, 2017 WL 7688383 (S.D. Tex. May 31, 2017).

The Texas Supreme Court affirmed this rule in *In re Acad., Ltd.*, 625 S.W.3d 19, 34 (Tex. 2021) where it rejected an argument that the PLCAA's negligent entrustment exception applied to Academy's sale of a gun to a mass shooter (at Sutherland Springs) because Academy allegedly "supplied the rifle to [the shooter] with reason to know that he was likely to use it in a manner involving unreasonable risk of harm." *In re Acad., Ltd.*, 625 S.W.3d at 30.  The Texas Supreme Court stated: "we agree with Academy that no viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel. In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims." *Id.* at 30.

There, like here, the firearms dealer ran a background check that came back "clean," revealing no disqualification to the sale. *Id.* at 23.  There, like here, the plaintiffs claimed the dealer was nevertheless liable for the sale under a negligent entrustment/transfer theory. *Id.*  But the Texas Supreme Court was clear in

3

*Academy*: "no viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel. In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims." *Id.* at 32.   The Texas Supreme Court applied the PLCAA and dismissed the case. *Id.* at 24.

This Court is bound by the Texas Supreme Court's interpretation of Texas law. *Am. Int.'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010).   As a result, any amendment offering facts allegedly supporting a claim for negligent entrustment / negligent sale is futile.

The Plaintiffs have not and cannot argue against futility with respect to their claims against Oasis.   To the contrary, Plaintiffs acknowledge "[w]hen futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." Dkt. 174 (quoting *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).   Both futility grounds are present in this case.   First, Texas law sets a clear bar to Plaintiffs' theory of recovery against Oasis because there is no viable cause of action under Texas law for negligent entrustment / negligent sale based on the sale of a chattel. *In re Acad., Ltd.*, 625 S.W.3d at 30.   Second, Plaintiffs agree that their amendments are based on video surveillance referenced in Plaintiffs' earlier briefing.   Dkt. 146 (citing Dkt. 104 at 19; 2AC¶150).   Accordingly, the Court is well within its discretion to deny Plaintiffs leave to amend their complaint.

## CONCLUSION AND PRAYER

The PLCAA creates a substantive right of immunity for firearm and ammunition sellers not to be sued for harm caused by the criminal or unlawful misuse of qualified products. *See* 15 U.S.C. § 7902(a).   Plaintiffs' claims against Oasis fit within the PLCAA's immunity, and the negligent entrustment exception cannot apply to save Plaintiffs' claims from dismissal.   This case is indistinguishable from *In re Acad., Ltd.*, 625 S.W.3d 19, 34 (Tex. 2021).   Unless and until Texas law changes or Congress rewrites PLCAA, the result in this case must be the same.

For these reasons, Oasis asks the Court to deny leave to amend the complaint as to Oasis and to order the immediate dismissal of Plaintiffs' each of claims against it.  Alternatively, should the Court be inclined to grant Plaintiffs' Opposed Motion for Leave, Oasis requests that the Court grant Oasis leave to respond to Plaintiffs' First Amended Complaint within 21 days of the Court's order granting Plaintiffs' Opposed Motion for Leave.

4882-8999-3161.2

Respectfully submitted,

**GRAY REED**

*/s/ A.M. "Andy" Landry, III*

_____

A.M. "Andy" Landry III
State Bar No. 11868750
J.J. Hardig, Jr.
State Bar No. 24010090
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Telephone)
(713) 986-7100 (Fax)
Email: alandry@grayreed.com
Email: jhardig@grayreed.com

-and-

**JEFFERSON CANO**

*/s/ Lamont A. Jefferson*

_____

Lamont A. Jefferson
State Bar No. 10607800
Emma Cano
State Bar No. 24036321
122 E. Pecan St., Suite 1650
San Antonio, Texas 78205
(210) 988-1808 (Telephone)
(210) 988-1808 (Fax)
Email: ljefferson@jeffersoncano.com
Email: ecano@jeffersoncano.com

**ATTORNEYS FOR DEFENDANT
OASIS OUTBACK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 21st day of June, 2024.

*s/ A.M. "Andy" Landry, III*
A.M. "Andy" Landry, III

4882-8999-3161.2