IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| SANDRA C. TORRES, Individually and as Mother and Representative of the Estate of Decedent, E.T., et al., § § § § <br> *Plaintiffs,* § § <br> v. § § <br> DANIEL DEFENSE, LLC, et al., § § § <br> *Defendants.* § | CASE NO. 2:22-cv-00059-AM |

**DANIEL DEFENSE, LLC'S**
**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

Now comes Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc. ("Daniel Defense") and files this Response to Plaintiffs' Notice of Supplemental Authority (Doc. 161). Plaintiffs direct the Court to an April 1, 2025, Illinois state trial court order in *Roberts et al. v. Smith & Wesson Brands, Inc. et al.,* No. 22 LA 00000487, 19th Judicial Circuit Court, Lake County, Illinois ("*Roberts*")[1] as support for their response to Daniel Defense's motion to dismiss. *Roberts* is of no moment here for multiple reasons.

Plaintiffs contend *Roberts* found that the Illinois Consumer Fraud Act ("ICFA"– ILL. STAT., ch. 815, § 505/2 *et seq*.) qualified as a predicate statute under PLCAA and, because it is a supposed state analogue to the FTCA, then the federal statute also qualifies as a predicate statute. Doc. 161 at 1. Plaintiffs' contention fails. First, the *Roberts* court never considered the FTCA. Second, that

---

[1] *See* Doc. 161-1 (*Roberts* Order). Plaintiffs' counsel in this case (Everytown Law) also represent the Roberts. *Id.,* Ex. A.

court found the ICFA was a predicate statute—*i.e.*, "applicable to the sale or marketing" of firearms—because, unlike the FTCA, it ***expressly applies*** to the sale and marketing of firearms. *See* ILL. STAT., ch. 815, § 505/2DDDD ("Sale and Marketing of Firearms"); *id.*, § 505/2DDDD(b) (stating that violation of Section 505/2DDDD is a violation of ICFA).[2] Third, *Roberts* relied on the majority's deeply flawed reasoning in *Soto v. Bushmaster Firearms, Int'l, LLC*, 202 A.3d 262, 272 (Conn. 2019) in concluding the ICFA qualified as a predicate statute. *Compare Roberts* Order at 21-22 *with* Doc. 143 at 3-7 (explaining flaws in *Soto* majority's analysis). *Roberts* does not demonstrate that the FTCA qualifies as a predicate statute.

Next, Plaintiffs state *Roberts* relied on "reasonable inferences" that the shooter in that case saw and was influenced by the defendant's marketing to conclude there were sufficient allegations of proximate cause. Doc. 161 at 2-3. *Roberts*, however, applied state court pleading standards that are not applicable here.[3] Here, Plaintiffs have never pleaded any facts that Daniel Defense's marketing caused the Assailant to commit his crimes. Doc. 140 at 28-29; Doc. 143 at 20.

Finally, with regard to the First Amendment claim, the *Roberts* court construed it as a ***facial*** constitutional challenge to an Illinois statute that specifically prohibited "unlawful paramilitary or private militia in Illinois or unauthorized individuals . . . to use a firearm-related product for a military-related purpose in Illinois." *See* ILL. STAT., ch. 815, § 505/2DDDD. The court circumscribed its evaluation to whether the statute—which on its face was limited to speech

---

[2] Plaintiffs have never cited any federal law specific to the sale or marketing of firearms which also provides that a violation of that statute also constitutes a violation of the FTCA.

[3] In comparison, in *Lowy v. Daniel Defense, LLC*, the district court dismissed the plaintiffs'' claims because they failed to plead any facts the Daniel Defense's marketing caused the shooting. *See* No. 1:23-cv-1338, 2024 WL 3521508 (E.D. Va. July 24, 2024) ("***Maybe*** defendants' advertising coerced Shooter to ***purchase*** defendants' products (and that allegation, as discussed above, is speculative), but absent is any allegation that defendants' advertising coerced Shooter to attack the elementary school. Without that allegation, plaintiffs' alleged causal chain is incomplete, and plaintiffs lack standing against these defendants.") (italics in original).

2

169985

promoting unlawful activity—was a constitutional regulation of commercial speech. *Roberts* Order at 25 & 30. This is markedly different than the First Amendment arguments Daniel Defense asserts here. Most important, Daniel Defense does not assert a facial challenge to any statute. Rather, Daniel Defense contends that Plaintiffs' Speech Claims violate the First Amendment *as applied*. *See, e.g.*, Doc. 153-1 at 26-27. Stated differently, a statute that regulates commercial speech generally may be constitutional on its face, but still unconstitutional as applied to particular speech. *See id*. Because the Illinois court analyzed the defendants' First Amendment arguments under the facial challenge framework, it merely concluded that the statute on its face restricts commercial speech, and that the statute was facially constitutional under the commercial speech standard. *See Roberts* Order at 26 (stating that the statute generally "restricts advertising and marketing by firearm manufacturers and sellers" and broadly concluding that the "definition of commercial speech" was met). But the Court did not make any finding about the application of the statute to the defendants' speech at issue. Further, assuming the court correctly applied the commercial-speech standard (which Daniel Defense contends was improper under well-established First Amendment standards), here, Daniel Defense's speech encompasses a significant amount of lawful, protected speech. *Compare* Doc. 153-1 at 25-26, *with Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1118–20 (9th Cir. 2023).

Moreover, the *Roberts* court did not consider whether, in view of the complaint's allegations, the proper First Amendment standard was the incitement doctrine or the standard for content-based discrimination, rather than the commercial-speech doctrine. Daniel Defense contends that both the incitement doctrine and the standard for content-based discrimination apply here, and that Plaintiffs' claims are barred irrespective of whether the underlying speech is considered commercial. *See* Doc. 153-1 at 19–30; *see also Bible Believers v. Wayne Cty., Mich.*,

3

169985

805 F.3d 228, 246 (6th Cir. 2015) (requiring that speech can only be prohibited if it encourages the imminent use of violence or lawless action, and that action is the likely result of the speech); *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 580 (2001) (Thomas, J., concurring) (noting that the usual rule for solicitation and incitement should apply to commercial speech). To the extent the Illinois court rejected Smith & Wesson's arguments that the Illinois statute was content-based, it did so without any analysis based on the assumption that the commercial speech standard applied, which led the court to conclude that the statute was constitutional on its face because it regulated only speech that "proposes an illegal transaction or that promotes or encourages an illegal activity." *Roberts* Order at 29. Respectfully, the Illinois court misapprehended the applicable First Amendment standards. As Daniel Defense has explained, the commercial-speech doctrine applies only when the regulation of speech at issue is germane to the commercial purpose of the speech. *See* Doc. 153-1 at 21-24; *see also 44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 501 (1996) ("[W]hen a State entirely prohibits the dissemination of truthful, nonmisleading commercial messages for reasons unrelated to the preservation of a fair bargaining process, there is far less reason to depart from the rigorous review that the First Amendment generally demands.") (plurality opinion). Here, Plaintiffs' allegations specifically target Daniel Defense's lawful, pro-Second Amendment messaging rather than any commercial characteristics of the speech. Doc. 153-1 at 27–31. The messages have nothing to do with a ***commercial*** representation, such as price or quantity, nor do they plausibly inflict any ***commercial*** harms. *See 44 Liquormart*, 517 U.S. at 501–02.

The reasoning in *Roberts* simply does not apply here.

169985

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail: dprichard@pomllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@pomllp.com

PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

***COUNSEL FOR DEFENDANT,***
***DANIEL DEFENSE, LLC F/K/A***
***DANIEL DEFENSE, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May 2025, I electronically served all counsel of record through the Court's CM/ECF system.

*/s/ David M. Prichard*
David M. Prichard

5

169985